WILLIAM L. ROWLAND, executor, plaintiff in error, *vs.* IDA F. HARRIS, defendant in error.

A negotiable note for value imports that it is given for a consideration, and it devolves on the defendant, who pleads that it is without consideration, to show the fact, and proof that a note previously given by another for the same amount, and satisfied by the payee about the time the note sued on was given, is insufficient to show the want of the consideration without more, though one note was given by the father, and satisfied by him, and that sued on was given by the daughter to the same payee.

Promissory notes. Consideration. Before Judge UNDERWOOD. Floyd Superior Court. July Term, 1874.

Reported in the opinion.

DABNEY & FOUCHE, for plaintiff in error.

SMITH & BRANHAM, for defendant.

JACKSON, Judge.

This was a suit on a promissory note for $1,000 00, payable to plaintiff's testatrix or bearer, and purporting to be for value received, and dated 22d of March, 1869. The defendant put in a plea of no consideration, and on that issue the case went to the jury, who found for the defendant. A motion for a new trial was made by the plaintiff on the ground

that the court erred in charging the jury, "that if there was another note, and there was an agreement that the first note was not to be paid, and the note sued on was given in lieu of said first note, and there was no consideration proved, then there was no consideration to support the note sued on, and plaintiff cannot recover," and on the further ground that the verdict is contrary to the evidence and without evidence to support it. The court refused to grant the new trial, and plaintiff excepted, and the question is, was there evidence to authorize the charge and sustain the verdict? We are constrained to say that we think there is not enough in the record presented to us. What other circumstances may be adduced on another trial, how far the defendant may then strengthen her case, we cannot, of course, pretend to foresee; but the sole testimony on which she relies here to destroy the whole tenor and effect of this negotiable paper which shows consideration on its face, is that of Mr. Walker, who only testifies that as far as he knows the note was without consideration. He goes on to say that the defendant, his daughter, had no property except what he bought at the sale of her first husband's, Mr. Rowland, effects, and knows of nothing she could have got for this note; that he gave a $1,000 00 note to testatrix for money borrowed from her when he bought her son's (the husband of his daughter) property; that she agreed to give him up this note, if he would make the deed to his daughter, with power to dispose of the property, $5,000 00 or $6,000 00 worth, by will, thinking that thereby her son might be reclaimed from dissipated habits; that this was done, and his note sent him by Mrs. Rowland, the testatrix, and canceled; but he does not swear that the note sued on was taken in lieu of this one thus taken up, nor is there any evidence in this record to that effect. On the whole, the evidence is not sufficient as it stands to authorize the charge or the verdict, and we feel constrained to reverse the judgment on the ground that the court below should have granted the new trial.

Judgment reversed.