## SLATON v. FOWLER.

1. It is the duty of juries to seek to arrive at the truth under the evidence It is the duty of the presiding judge, on motion for a new trial properly raising the point, to consider whether the verdict is contrary to evidence, or decidedly and strongly against the weight of the evidence, or without evidence to support it.  In determining whether or not a new trial should be granted on the ground that the verdict is contrary to the evidence, or decidedly and strongly against the weight of the evidence, he should exercise a sound discretion.  But when he has done so and has approved the verdict, this court will not grant a new trial merely because the evidence is conflicting, or even if there should appear to be a preponderance of evidence against the verdict, if there is sufficient evidence to support it.

2. Where the value of the article is relevant, it may be shown by the opinion of witnesses, although they may not be experts, if they have knowledge of facts on which to predicate such opinion.  Central Railroad v. Wolff, 74 Ga. 664.

3. Whether or not want of consideration can be pleaded to a suit based on a promissory note under seal, failure of consideration may be so pleaded.

4. No error appears in this case which requires a reversal.

Argued January 19,—Decided February 19, 1906.

Complaint.    Before Judge Fite.    Gordon superior court.    April 10, 1905.

Slaton, as indorsee of certain promissory notes amounting to eighty dollars, given by J. S. Fowler to the Cable Company for the purchase-money of an organ, brought suit against the maker, in a justice's court.    The notes were under seal.    The case was carried to the superior court by appeal.    The defendant pleaded failure of consideration, and that he had already paid fifteen dollars on the purchase-money, which he pleaded as a "set-off."  · On the trial the evidence was conflicting.    That on behalf of the defendant tended to show, that, directly on delivery of the instrument, complaint in regard to it was made to Slaton, who was the agent of the vendor; that repeated efforts were made to repair it, but they were unsuccessful, and the instrument never operated properly.    It also appeared that the defendant had given to the vendor, in part payment

of the purchase-money, a small organ, the value of which was esti-
mated at fifteen dollars; and there was testimony to the effect that
the organ which he purchased was of little value and worth not more
than that which he delivered to the company. There was also evi-
dence tending to show that Slaton was not an indorsee for value
before due and without notice. The jury found for the defendant.
The plaintiff moved for a new trial, which was refused, and he ex-
cepted. The grounds of the motion were, that the verdict was con-
trary to law and the evidence; that the testimony of certain wit-
nesses, that "they thought the little organ was worth as much, as a
musical instrument, as the one defendant bought of the Cable Com-
pany," was illegally permitted to go before the jury, over the mov-
ant's objection that "the effect of said evidence went to show that
the notes sued on were without consideration, the same being sealed
instruments;" and that the court erred in charging the jury as fol-
lows: "If you find that the organ bought by defendant from the
Cable Company, on account of the alleged defects, was not worth
any more than the organ he let said company have at the time of
the purchase and giving the notes sued on, you will find for the
defendant."

*Starr & Erwin,* for plaintiff.

*R. J. & J. McCamy,* for defendant.

LUMPKIN, J. Our decision in regard to some of the questions in-
volved in this case will sufficiently appear from the headnotes. It
is only necessary to add that at common law, as a general rule, a
seal imported a consideration, and a contract under seal was not
open to attack on the ground that it was without consideration.
Whether this rule applies to a promissory note under seal so as to
prevent a plea of want of consideration, or whether the seal only
raises a presumption of a consideration, which can be rebutted, has
never been definitely decided in this State; but it has been held
that failure of consideration could be pleaded to a note under seal.
*Albertson* v. *Halloway,* 16 *Ga.* 377. The reasoning in that case
was criticised and the general subject discussed by Mr. Justice
Cobb in *Sivell* v. *Hogan,* 119 *Ga.* 167, 169-171. It was declared
in the opinion distinctly that no ruling was made as to whether
want of consideration could be pleaded to a suit on a promissory
note under seal; but it was said: "We rather prefer the view of the

Supreme Court of South Carolina, that a seal raised a presumption of the existence of a consideration at the time the contract was entered into, but not that it had not since failed either wholly or in part; and that while *want* of consideration could not be pleaded, *failure* might." See also *VanDyke* v. *VanDyke*, 123 *Ga.* 680. Sometimes it may appear that the practical result of defeating a recovery on a promissory note by pleading and proving a total failure of consideration, arising out of some defect or reason existing when the note was given, is not very different from accomplishing the same end by calling it a want of consideration. But there is a technical difference between an absence or want of consideration and a failure of consideration, and in some cases the difference is substantial as well as technical. This is more manifest where the failure is only partial. 6 Am. & Eng. Enc. Law (2d ed.), 780.

*Judgment affirmed. All the Justices concur.*