## ROBINSON, administrator, *v.* WOODWARD.

**HOLDEN, J.** The bill of exceptions recites that upon the trial of a statutory complaint for land the trial judge, upon an agreed statement of facts in writing signed by counsel for both parties, decided that the title to the lands sued for was in the defendant and that the plaintiff do not recover same, to which judgment exceptions were had. The bill of exceptions contained an agreed statement of facts, wherein it was stated "that defendant claims said lots of land solely as such heir at law, and from no other source whatsoever; and that plaintiff claims said lots of land solely by reason of the instrument hereto attached; and that unless said instrument divested said Ashley O. Best of title, the ownership and title of said lots is in defendant." The bill of exceptions specified as a part of the record material to a clear understanding of the errors complained of, among other things, the agreed statement of facts and the instrument therein referred to. Neither a copy, nor any of the contents, of the instrument referred to was embodied in the bill of exceptions, or attached as an exhibit thereto, or contained in a brief approved by the trial judge and made a part of the record. In the transcript sent up by the clerk as the record, there appears what purports to be a copy of such instrument, and there appears what purports to be a copy of the agreed statement of facts signed by counsel for both parties and filed in the clerk's office, with what purports to be a copy of the instrument therein referred to as annexed thereto. *Held:*

1. Where no motion for a new trial is made, the evidence should be embodied in the bill of exceptions, or attached as an exhibit thereto and properly identified by the trial judge, or contained in a brief of the evidence approved by him and made a part of the record. *McClarty* v. *Penn Mutual Life Ins. Co.*, 131 *Ga.* 724 (63 S. E. 224); *Roberts* v. *Cairo*, 133 *Ga.* 642 (66 S. E. 938).

2. In the transcript sent up by the clerk as being record those papers which purport to be copies of the agreement of counsel and of the instrument annexed thereto can not be considered as record, not being approved by the trial judge and made a part of the record, it only appearing that such agreed statement of facts was signed by counsel and filed in the office of the clerk; and only the agreement of counsel as appearing in the bill of exceptions with a mere reference to such instrument can be considered. *Dolvin* v. *American Harrow Co.*, 134 *Ga.* 113 (67 S. E. 541).

(*a*) A construction of the instrument above referred to being necessary for the determination of the only question involved in the case, this court is unable to review the correctness of the final judgment upon the merits, and an affirmance of the judgment of the court below must necessarily result. Cases cited supra.

3. Several months after the bill of exceptions was certified and filed in this court, there was signed by the trial judge, and sent to this court by the clerk of the trial court under his certificate and seal, a second certificate of the trial judge, in which the latter stated that the pages annexed thereto "comprise a complete, true, and correct copy of the agreed statement of facts, and of the original deed referred to therein, exhibited

and used in this court on the trial of said case. And I further certify that the annexed copy of said agreed statement of facts, and of said deed, are a complete, true, and correct copy of the agreed statement of facts and of said deed filed in the office of the clerk of this court." *Held,* such certificate and copies annexed thereto can not be considered by this court.

(a) As neither the copy nor any of the contents of the instrument can be considered as any part of the record, the bill of exceptions can not, under the provisions of Civil Code, § 5570, be amended so as to include such copy, or any part of such contents.

                                    *Judgment affirmed. All the Justices concur.*
                              JULY 13, 1910.

Ejectment. Before Judge Charlton. Chatham superior court. June 28, 1909.

*Garrard & Meldrim, Jacob Gazan,* and *Joseph M. Dreyer,* for plaintiff. *Boykin Wright* and *Hamilton Phinizy,* for defendant.