## LEGGETT v. PRIDGEN.

HILL, J. " 1. An alleged statement of facts not being set forth in the bill of exceptions nor made a part of the same as an exhibit thereto and properly authenticated, what purports to be an agreed statement of facts sent up as a part of the record, but not approved by the judge and ordered filed as such, can not be considered by this court. *Robinson* v. *Woodward*, 134 *Ga.* 777 (68 S. E. 553); *Blackman* v. *Garrett*, 135 *Ga.* 226 (69 S. E. 110).

" 2. The errors assigned in the bill of exceptions being such as can not be determined from the record without a consideration of such alleged agreed statement of facts so sent up, the judgment of the court below must be affirmed. Ib." *Silvey* v. *Brown*, 137 *Ga.* 104 (72 S. E. 907); *Scott* v. *Wage Earners Loan & Investment Co.*, 147 *Ga.* 576 (94 S. E. 1021).

3. Applying the rulings above to the facts of this case, the judgment of the court below is

*Affirmed. All the Justices concur, except Gilbert, J., absent for providential cause.*

No. 1591. APRIL 15, 1920.

Habeas corpus. Before Judge Summerall. Coffee superior court. July 26, 1919.

*T. A. Wallace,* for plaintiff in error. *L. E. Heath,* contra.

---

## WALL v. WALL.

BECK, P. J. 1. " What are commonly called the general grounds of a motion for a new trial, that is, those complaining that the verdict is contrary to the evidence, without evidence to support it, etc., contain no recital of fact which requires a verification by the trial judge in order to authorize such grounds to be entertained." *Harris* v. *State*, 120 *Ga.* 196 (47 S. E. 573).

2. The evidence in the case did not demand the verdict; and this being the first grant of a new trial, the judgment of the court below sustaining the motion for a new trial will not be disturbed here.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent for providential cause.*

No. 1595. APRIL 15, 1920.

Divorce. Before Judge Black (of the city court). Richmond superior court. July 17, 1919.

*Isaac S. Peebles Jr.,* for plaintiff in error.

*William H. Fleming,* contra.