## FEDERAL INVESTMENT COMPANY v. EWING.

ATKINSON, J. Under the allegations of the petition, which are not denied by the defendant, and are thus admitted, and under the contentions of the defendant as set out in its special plea, in which it alleged that it bought from the plaintiff his salary amounting to $38, and in which the defendant sought to recover that amount on the ground that the plaintiff collected the salary and converted it to his own use, and prayed judgment against the plaintiff for said amount, and one of the admitted allegations of the petition being that the plaintiff had paid to the defendant on said salary $64 within less than eighteen months after the transaction, a judgment in favor of the plaintiff was demanded, and any error committed by the court in finding against the special plea of the defendant, in which it was set up that it was not a licensee under the act of 1920, was immaterial.

*Judgment affirmed. All the Justices concur.*

### ON MOTION FOR REHEARING.

1. In a case involving questions of law and fact, tried by a judge without the intervention of a jury, where no motion for new trial is made, and a bill of exceptions is sued out assigning error upon the judgment rendered by the trial judge, the evidence should be embodied in the bill of exceptions, or attached as an exhibit thereto and properly identified by the trial judge, or contained in a brief of the evidence approved by him and made a part of the record. *Robinson* v. *Woodward,* 134 *Ga.* 777 (68 S. E. 553) ; *Scott* v. *Wage Earners Loan &c. Co.,* 147 *Ga.* 576 (94 S. E. 1021) ; *Leggett* v. *Pridgen,* 150 *Ga.* 115 (102 S. E. 829). See also *Glover* v. *State,* 128 *Ga.* 1 (57 S. E. 101) ; *Blackman* v. *Garrett,* 135 *Ga.* 226 (69 S. E. 110) ; *Silvey* v. *Brown,* 137 *Ga.* 104 (72 S. E. 907) ; *Town of Fairburn* v. *Edmondson,* 160 *Ga.* 792 (129 S. E. 108). In the transcript sent up by the clerk as record, a paper which purports to be a copy of an agreed statement of facts can not be considered as record, the same not having been approved by the trial judge and made a part of the record, where it only appears that such agreed statement was signed by counsel and filed in the office of the clerk. *Robinson* v. *Woodward,* and *Scott* v. *Wage Earners Loan &c. Co.,* supra.

2. Where a case is submitted to the trial judge to pass upon all questions of law and fact without the intervention of a jury, and he renders

---

Appeal and Error, 4 C. J. p. 55, n. 62; p. 227, n. 71; p. 357, n. 60; p. 413, n. 64, 67; p. 414, n. 69; p. 415, n. 82; p. 416, n. 83; p. 777, n. 69; p. 1057, n. 85.

Pleading, 31 Cyc. p. 208, n. 80.

judgment in favor of the plaintiff, this court will presume, in the absence of the evidence introduced before the judge and upon which he acted in rendering judgment, that he had before him ample evidence to support his judgment, and that therefore the judgment is not contrary to law or the evidence.

3. The bill of exceptions did not indicate that the defendant had filed an answer to the plaintiff's petition, other than the "special plea," nor did it specify any such paper to be certified to the Supreme Court as necessary to an understanding of the errors complained of, nor was there any suggestion of diminution of the record under the provisions of the Civil Code (1910), § 6149. In the motion for rehearing it is stated that a separate answer was filed, denying material allegations of the petition, and a paper was set out purporting to be a copy of the answer. *Held,* that if, under the provisions of the Civil Code (1910), § 6149 (4), it would be the duty of this court under any circumstances to send for a certified copy of the answer on motion for rehearing, it would be unnecessary to do so under the state of the record in the present case, there having been a failure of the plaintiff in error to bring up the evidence adduced before the trial court in such manner that it could be considered by this court.

4. The court adheres to the judgment of affirmance.

No. 5886. DECEMBER 22, 1927. REHEARING DENIED JANUARY 18, 1928.

Equitable petition. Before Judge Pomeroy. Fulton superior court. February 15, 1927.

*R. R. Jackson,* for plaintiff in error.