DECIDED JULY 19, 1930.

*W. B. Kent, J. C. Bennett,* for plaintiff.

## 20040.   WILCHER *v.* WILLIAMS.

BELL, J.   1. "In the transcript sent up by the clerk as record, a paper which purports to be a copy of an agreed statement of facts can not be considered as record, the same not having been approved by the trial judge and made a part of the record, where it only appears that such agreed statement was signed by counsel and filed in the office of the clerk." *Federal Investment Co.* v. *Ewing,* 165 *Ga.* 435 (141 S. E. 65); *Leggett* v. *Pridgen,* 150 *Ga.* 115 (102 S. E. 822).

2. "As neither the copy nor any of the contents of the instrument can be considered as any part of the record, the bill of exceptions can not, under the provisions of Civil Code, § 5570 [Civil Code of 1910, § 6184], be amended so as to include such copy, or any part of such contents." *Robinson* v. *Woodward,* 134 *Ga.* 777 (3 *a*) (68 S. E. 553). This section contemplates only such amendments "as contain matters which relate to imperfections or omissions of necessary and proper allegations which can be supplied from the transcript of the record" (*Summerlin* v. *State,* 130 *Ga.* 791 (2), 61 S. E. 849); and since the agreed statement can not legally be included within the transcript of the record, it can not be made by amendment a part of the bill of exceptions. *Clarke* v. *Deal,* 4 *Ga. App.* 326 (2) (61 S. E. 295).

3. The rules of practice herein stated having been invoked by the defendant in error, and the errors assigned in the bill of exceptions being such as can not be determined from the record without a consideration of such alleged agreed statement, the judgment of the court below will be affirmed. *Silvey* v. *Brown,* 137 *Ga.* 104 (2) (72 S. E. 907).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 19, 1930.

*J. C. Newsome,* for plaintiff.   *M. L. Felts,* for defendant.