23078. CITIZENS BANK OF BLAKELY *v.* HALL.

BROYLES, C. J. 1. Where a defendant in a suit on a promissory note, brought by the original payee, pleads want of consideration, and there is evidence that he received nothing as a result of executing the note, and that no consideration existed at the time of its execution (the note having been executed as an accommodation note for a few days, until it could be ascertained if the debt was really due by the defendant, and it being ascertained thereafter that the debt was not due by the defendant), such evidence, when accepted by the jury as true, is sufficient to sustain the plea of want of consideration.

(*a*) The note not having been in the hands of an innocent purchaser for value before maturity, and the loss, if any, resulting from its execution, being to the original payee and without benefit to the maker, the maker is not responsible for any loss accruing to the original payee as a result of the payee's negligent or wrongful conduct.

2. "It is a good defense to an action on a negotiable promissory note under seal, in the hands of the original payee, that it was executed without any lawful consideration." *Lacey* v. *Hutchinson,* 5 *Ga. App.* 865 (1); *Sims* v. *Scheussler,* 5 *Ga. App.* 850 (4); *Strickland* v. *Farmers Supply Co.,* 14 *Ga. App.* 661 (1), 664; *Ramsey-Fender Co.* v. *Chapman,* 46 *Ga. App.* 385, and cit.

(*a*) A seal on a promissory note raises a prima facie presumption that it is founded upon a consideration; but this presumption is rebuttable, and the sufficiency of the rebuttal evidence is generally a question for the jury.

(*b*) The request that the question as to the correctness of the principle of law announced above in paragraph 2 be certified to the Supreme Court, or that the cases above cited be reviewed and overruled, is denied.

3. The question of fact whether the note was executed without any lawful consideration accruing to the maker was determined by the jury in favor of the defendant, and that finding was authorized by the evidence. The court did not err in overruling the motion for a new trial, which contained the usual general grounds.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED DECEMBER 18, 1933.

*Lowrey Stone* for plaintiff.  *A. H. Gray,* for defendant.