## CITIZENS BANK OF BLAKELY v. HALL.

No. 10124. NOVEMBER 14, 1934.

*Lowrey Stone*, for plaintiff. *A. H. Gray*, for defendant.

GILBERT, J. The case involves a single question. Can want or absence of consideration in a negotiable promissory note executed under seal be pleaded in a suit by the original payee named in the instrument? The case does not involve any question of an innocent "holder in due course," nor is *failure* of consideration involved. Failure of consideration in such a case, under our statute and decisions, has not been an open question in many years. Civil Code (1910), §§ 4250, 5675. The case comes to this court by writ of certiorari to the Court of Appeals; granted because the question has not been settled by the decisions of this court, though the Court of Appeals has uniformly decided, as in the present case, that want of consideration was an available defense. *Sims* v. *Scheussler*, 5 *Ga. App.* 850 (64 S. E. 99); *Lacey* v. *Hutchinson*, 5 *Ga. App.* 865 (64 S. E. 105); *Strickland* v. *Farmers Supply Co.*, 14 *Ga. App.* 661 (82 S. E. 161). The decisions of the Court of Appeals, except the present case, were decided prior to the adoption of the uniform negotiable instruments law. Ga. Laws 1924, p. 126. The Court of Appeals did not cite that law in this case (48 *Ga. App.* 127, 172 S. E. 70), the reason doubtless being that the court considered the question settled by their own decisions, unaffected by the new law. Although various subsidiary questions have been discussed by this court in a number of cases, beginning at an early date, it may be definitely stated that the precise question now before us has never been decided by the Supreme Court of Georgia. The Citizens Bank of Blakely, plaintiff in error in this court, bases its entire case upon the contention, that, where a suit is brought upon a promissory note executed under seal, the presumption of consideration is conclusive, and that want of consideration in such a suit can not be offered as a defense. Because of the very great

importance of the question, we have pointed out and cited authorities on various principles involved in the main question dealt with in learned opinions rendered in this court and in the Court of Appeals.

The instrument sued on, in so far as it is material, is as follows: "$300. Blakely, Ga. April 14th, 1926. On demand after date we jointly and severally promise to pay to the order of the Citizens Bank of Blakely three hundred dollars, at the Citizens Bank, for value received. . . Witness the hand seal of each of us. W. A. Hall (L. S.)" Such a promissory note is negotiable. Ga. Laws 1924, p. 126, sec. 1. The fact that the note is executed under seal does not affect its negotiable character. Id. sec. 6 (4). It must also be stated that, in discussing the question here involved, nothing said is to be construed as affecting the statutes of limitations. In some of the cases dealing with this question distinctions are drawn between negotiable promissory notes and what was known at common law as a "specialty." The Civil Code (1910), § 4219, provides: "A specialty is a contract under seal, and is considered by the law as entered into with more solemnity, and consequently of higher dignity, than ordinary simple contracts." As will be seen later, it is not deemed necessary to pursue that question in the present case. The Civil Code (1910), § 4222, provides: "To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject-matter upon which it can operate." A promissory note, negotiable or otherwise, is of course a contract, and a consideration is essential to its enforceability. "A consideration is essential to a contract which the law will enforce. An executory contract, without such consideration, is called nudum pactum, or a naked promise. In some cases a consideration is presumed, and an averment to the contrary will not be received. Such are generally contracts under seal, and negotiable instruments alleging a consideration upon their face, in the hands of innocent holders without notice, who have received the same before dishonored." Civil Code (1910), § 4241. The language in this section, "In some cases a consideration is presumed, and an averment to the contrary will not be received," is to be read in connection with the later qualification, "in the hands of innocent holders without notice, who have received the same before dishonored." When a

promissory note is executed under seal, a consideration is presumed; but the presumption is not conclusive. The burden of disproving the presumption is upon him who asserts that there is no consideration. Ordinarily, "Parol evidence is admissible to show that the writing was originally void or has subsequently become so." Civil Code (1910), § 5790. Heretofore this court has made no ruling as to whether the section last quoted is applicable where it is sought to prove that the negotiable instrument was executed under seal and without consideration. That is the question now before us. In *Sivell* v. *Hogan*, 119 *Ga.* 167 (46 S. E. 67), *Van Dyke* v. *Van Dyke*, 123 *Ga.* 686 (51 S. E. 582, 3 Ann. Cas. 978), and *Slaton* v. *Fowler*, 124 *Ga.* 955 (53 S. E. 567), are discussed some of the elements entering into the question involved. In *Sivell* v. *Hogan*, Mr. Justice Cobb expressed some views which are at variance with the views on the same question expressed by Judge Powell in *Lacey* v. *Hutchinson*. However, as stated by the court in *Slaton* v. *Fowler*, Mr. Justice Cobb expressly declined to rule, in *Sivell* v. *Hogan*, whether or not the presumption of consideration in a note executed under seal was conclusive. He did say for the court that "We rather prefer the view of the Supreme Court of South Carolina, that a seal raised a presumption of the existence of a consideration at the time the contract was entered into, but not that it had not failed either wholly or in part; and that while *want* of consideration could not be pleaded, *failure* might." It is certain that in the *Van Dyke* case no actual ruling was made on this question. While not essential perhaps to the question involved, it may be useful to mention other cases which touched upon the question in some respects.

In *Daniel* v. *Andrews, Dudley*, 158, it was stated that "The legislature of Georgia, in making promissory notes negotiable, whether given for money or other thing, ipso facto made them exempt from the necessity of proving consideration." It is interesting to note that the instrument there dealt with was not under seal. The action of the legislature there mentioned was the judiciary act of 1799. The case was tried at the July term, 1832, of Wilkes superior court; and is mentioned here purely as part of the history of the question as applying to notes generally. In the opinion in that case it was stated: "It is true that deeds or bonds and promissory notes are the only contracts in which it is unneces-

sary to state and prove a consideration. 2 Blk. Com. 446." When the facts of this case are considered, it is readily seen that the rule laid down is not different from the rule existing at the present time. It merely means that, in the case of a promissory note which states that it is for value received, a consideration is presumed, but it does not say nor does it mean that the presumption is conclusive. The presumption merely puts the other party upon proof. To the same effect, see *Rutherford* v. *Executive Committee of the Baptist Convention*, 9 *Ga.* 54, 55; *Boynton* v. *Twilty*, 53 *Ga.* 214, 217; *Rowland* v. *Harris*, 55 *Ga.* 141. Thus far in dealing with the Georgia cases the question of execution under seal is not involved. *Albertson* v. *Halloway*, 16 *Ga.* 377, involved *failure* of consideration, and not *want;* but as the court entered into a thorough discussion of sealed instruments which has been particularly noted in subsequent decisions, we quote the following: "We believe that the rule, that a plea of failure of consideration can not be used as a defense to a specialty, applies to no other instruments save such as were known to the common law; as deeds, bonds, and instruments executed with like solemnities of sealing and delivery. It has been common for courts to say that such defense can not be set up to an instrument under seal. But we think that these words were used, or should have been used, with reference to such instruments as were executed with the ceremonies necessary to specialties at common law. . . All the cases which I have seen (and they are many, both in England and in the United States), where this rule has been maintained, apply to such instruments as were specialties at common law. And when courts and commentators apply the rule to 'instruments under seal,' it will be found that they are really speaking of such as were specialties at common law. Instruments under seal, at common law, were always such as were intended to be accompanied with other solemnities and ceremonies necessary to give them effect; and hence, by a figure of speech, quite common, the class has been designated by one of its characteristics, viz., sealing." Judge Russell in *Sims* v. *Scheussler,* supra, and Judge Powell in *Lacey* v. *Hutchinson,* supra, in able opinions followed the reasoning in *Albertson* v. *Halloway,* supra, in dealing with want of consideration in sealed notes. In the present case the question was not raised, in the decision by the Court of Appeals, as to whether or not the note was a sealed note in the sense

that that term was used at common law. It will not affect this decision. On the question, however, of what is a seal and its historical importance, see Civil Code (1910), §§ 5, 4241; *Lowe* v. *Morris*, 13 *Ga.* 147, 150.

Section 24 of the negotiable instruments law, as adopted in this State in 1924 (Ga. Laws 1924, p. 126), provides: "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have been a party thereto for value." Both of these statutes are in perfect harmony with what has been ruled by this court and mentioned above. We think that § 28 of the negotiable instruments law is conclusive on the question, and that want or absence of consideration may be pleaded in a suit on a promissory note executed under seal, in the same manner as has uniformly been allowed in this State in the case of failure of consideration. That section is as follows: "Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise." Code of 1933, § 14-305. The language of that section is broad and comprehensive. It applies alike to sealed instruments and those not under seal. In the excellent work of Brannan on the Negotiable Instruments Law the annotations on § 28 are extensive. There is a large collection of cases under the statement of the annotators that "Parol evidence is admissible to show absence or failure of consideration as against one not a holder in due course." It is pertinent to state for the benefit of those interested in the question that some of the cases collected make no mention of the negotiable instruments law, and it is not apparent which, if any, of them concerned notes executed under seal. Perhaps the leading outside case on this question is that of Citizens National Bank *v.* Custis, 153 Md. 235 (138 Atl. 261, 53 A. L. R. 1165). The opinion in that case is elaborate and convincing. On account of its importance we quote liberally therefrom, as follows: . "The obvious meaning of the negotiable instruments act was to confer negotiability upon any instrument of writing, which, although sealed, possessed the essentials of a negotiable paper. The statute enacted in explicit terms, that, so far as its validity and negotiable character are concerned, the instrument is not affected by its bearing a seal.

. . By the express terms of this statute, the note now before the court is deemed prima facie to have been issued for a valuable consideration, and the maker to have become a party to the note for value; but absence or total or partial failure of consideration is a matter of defense as between the parties or to any person not a holder in due course. . . The negotiable instruments act, therefore, abolishes the conclusive presumption of consideration for a sealed instrument which is otherwise negotiable, but gives to every negotiable paper, whether with or without a seal, the prima facie presumption that it was issued for a valuable consideration and that every person whose signature appears thereon becomes a party thereto for value, subject, however, to the right of the maker, as against any person not a holder in due course, to show affirmatively the consideration to be absent, as in the case of a gift, or to have failed in whole or in part. . . No decision of any appellant tribunal has been found or brought to our attention which would be authority for a conclusion different from the one here stated. The case of Kennedy v. Collins (1919), 7 Boyce (Del.), 426 (108 Atl. 48), is the only conflicting authority we have been able to find. In that case the court instructed the jury that a sealed note was not subject to the defense of want of consideration, since the seal imported consideration. The case was decided after the passage of the negotiable instruments act in Delaware, but the court made no reference to the act, and the weight of the decision is further lessened by the consideration that the decision was made at nisi prius in an oral instruction to the jury, without any citation of authority. The decision can not be accorded the weight of a judgment by an appellate tribunal, and there is no reason why it should prevail over the clear intent of the negotiable instruments act and the authority of our own and other appellate courts. . . Yale L. J. 345."

A number of cases in other jurisdictions have been examined which hold that want of consideration may be pleaded in a suit upon a promissory note, but because they do not specifically disclose that the note was under seal we do not cite them as authorities. However, many of the notes in question represented transactions with banks, and it is common knowledge that such notes usually, if not always, contain "Witness my hand and seal" and "(L. S.)." It may reasonably be surmised that the notes involved in the re-

ported cases were sealed, and we can attribute the silence of the courts on this detail only to the fact that they, especially where they referred to the negotiable instruments law, were aware of the intention of that law to abolish the distinction between sealed and unsealed instruments as to conclusive presumption of consideration, that § 28 of that law comprehends sealed as well as unsealed promissory notes, and therefore that they considered it unnecessary to point out that the note under consideration was sealed. A proper construction of the negotiable instruments law, now adopted as a statute in all of the States, requires the ruling that want of consideration may be pleaded as a defense in a suit on a sealed promissory note. This uniformity, we think, will prove of very great convenience and satisfaction to the business world. On the subject of uniformity, see Commercial National Bank of New Orleans v. Canal-Louisiana Bank & Trust Co., 239 U. S. 520, 528, 529 (36 Sup. Ct. 194, 60 L. ed. 417, Ann. Cas. 1917E, 25); Walker v. Dunham, 135 Mo. App. 396, 404 (115 S. W. 1086); Union Trust Co. v. McGinty, 212 Mass. 205 (98 N. E. 679, Ann. Cas. 1913C, 525); Cherokee National Bank v. Union Trust Co., 33 Okla. 342 (125 Pac. 464); State Bank v. Michel, 152 Wis. 88, 91 (139 N. W. 741, 1131); Ætna Chemical Co. v. Spaulding & Kimball Co., 98 Vt. 51, 59 (126 Atl. 582); National City Bank of Chicago v. National Bank of the Republic, 300 Ill. 103 (132 N. E. 832, 22 A. L. R. 1153). The judgment of the Court of Appeals was not erroneous. *Judgment affirmed. All the Justices concur.*