26817. WILLCOX *v.* COBB.

DECIDED JUNE 1, 1938.

*Thomas J. Sappington,* for plaintiff.

*R. B. Williams, A. Russell Ross,* for defendant.

SUTTON, J. This was a suit on a note. The defendant admitted the execution of the note, but denied liability on the ground that the note was without consideration. He alleged in his answer, that before the date this note was made he was indebted to the plaintiff on another note for approximately $1400 or $1500; that for the purpose of paying off that indebtedness and others he applied to the Home Owners Loan Corporation for a loan, which loan was granted after creditors, among which the present plaintiff was one, had signed agreements to accept a less amount than their original debts, and to accept bonds of the Home Owners Loan Corporation; that the plaintiff signed an agreement on May 29, 1934, to accept such bonds in the sum of $1192.12, and did accept said bonds, and released the defendant from all other or further claim on account of the said indebtedness; that nevertheless the plaintiff importuned the defendant to make the note sued on

for the balance of the amount originally owed by him on the former note, and without any further consideration the note was made; that when the plaintiff accepted the bonds in full settlement of his former note and signed the release, there was an accord and satisfaction of that obligation; that the note sued on is a nudum pactum and without consideration, without binding force and effect; that the plaintiff has no right to sue on the note, because it was procured by him in direct violation of the creditors' agreement which he made to the Home Owners Loan Corporation to accept their bonds in full settlement of the former note; and that any judgment on this note would jeopardize the security pledged to pay the security deed made by the defendant to said corporation. The plaintiff demurred to the plea, on the grounds: (1) that it set out no legal defense; (2) that it was an attempt to avoid a sealed instrument for want of consideration, contrary to the laws of this State. The court overruled the demurrer. The case was submitted to the court, without the intervention of a jury, on an agreed statement of facts, and the court's finding was in favor of the defendant. The plaintiff excepted.

The court properly overruled the demurrer. It will be observed that the defendant set up in his plea that the plaintiff signed an agreement to accept bonds in the sum of $1192.12, and that he did accept the bonds and released the defendant from all other and further claim on account of said indebtedness; that the note was without consideration; that when the plaintiff accepted the bonds in full settlement of the former note there was an accord and satisfaction of that obligation; and that the note sued on was a nudum pactum. These allegations set up a defense good against general demurrer. But the plaintiff contends that the want or lack of consideration in a promissory note executed under seal can not be pleaded as a defense to a suit thereon by the original payee. His counsel cites certain cases, among them *Smith* v. *Smith,* 36 *Ga.* 184, 191 (91 Am. D. 761), *Sivell* v. *Hogan,* 119 *Ga.* 167 (46 S. E. 67), *Van Dyke* v. *Van Dyke,* 123 *Ga.* 686, 690 (51 S. E. 582, 3 Ann. Cas. 978), and *Slaton* v. *Fowler,* 124 *Ga.* 955 (53 S. E. 567), in support of this contention; but none of these cases decides this particular question. For instance, it was said in the *Sivell* case: "We are not, however, to be understood as definitely committing ourselves at this time to the proposition that even

want of consideration can not be pleaded to a promissory note under seal, though this would seem to be true." However, this question has been directly and definitely decided, contrary to the plaintiff's contention, by both this court and the Supreme Court. In *Lacey* v. *Hutchinson*, 5 *Ga. App.* 865 (64 S. E. 105), this question was dealt with by Judge Powell in an able and exhaustive opinion, where it was held: "It is a good defense to an action on a negotiable promissory note under seal, in the hands of the original payee, that it was executed without any lawful consideration." This was followed by *Citizens Bank of Blakeley* v. *Hall*, 48 *Ga. App.* 127 (172 S. E. 70). Our Supreme Court in the same case (179 *Ga.* 662, 177 S. E. 496, 97 A. L. R. 618), dealt with this question at length; and among other things it was said: "The case involves a single question. Can want or absence of consideration in a negotiable promissory note executed under seal be pleaded in a suit by the original payee named in the instrument? . . A promissory note, negotiable or otherwise, is of course a contract, and a consideration is essential to its enforceability. 'A consideration is essential to a contract which the law will enforce. An executory contract, without such consideration, is called nudum pactum, or a naked promise. In some cases a consideration is presumed, and an averment to the contrary will not be received. Such are generally contracts under seal, and negotiable instruments alleging a consideration upon their face, in the hands of innocent holders without notice, who have received the same before dishonored.' Civil Code (1910), § 4241. The language in this section, 'In some cases a consideration is presumed, and an averment to the contrary will not be received,' is to be read in connection with the latter qualification, 'in the hands of innocent holders without notice, who have received the same before dishonored.' When a promissory note is executed under seal, a consideration is presumed; but the presumption is not conclusive. The burden of disproving the presumption is upon him who asserts that there is no consideration. Ordinarily, 'Parol evidence is admissible to show that the writing was originally void or has subsequently become so.' Civil Code (1910), § 5790. . . Section 24 of the negotiable-instruments law, as adopted in this State in 1924 (Ga. Laws 1924, p. 126), provides: 'Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and

every person whose signature appears thereon to have been a party thereto for value.' Both of these statutes are in perfect harmony with what has been ruled by this court and mentioned above. We think that § 28 of the negotiable-instruments law is conclusive on the question, and that want or absence of consideration may be pleaded in a suit on a promissory note executed under seal, in the same manner as has uniformly been allowed in this State in the case of failure of consideration. That section is as follows: 'Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise.' Code of 1933, § 14-305. The language of that section is broad and comprehensive. It applies alike to sealed instruments and those not under seal. . . A proper construction of the negotiable-instruments law, now adopted as a statute in all of the States, requires the ruling that want of consideration may be pleaded as a defense in a suit on a sealed promissory note. This uniformity, we think, will prove of a very great convenience and satisfaction to the business world." The above disposes of the question raised by the demurrer.

As above stated, this case was submitted to and passed on by the court upon an agreed statement of facts which was not embodied in the bill of exceptions or attached as an exhibit thereto and properly identified by the judge, but it was signed only by counsel for the parties. This agreed statement can not be considered by this court. "In the transcript sent up by the clerk as record, a paper which purports to be a copy of an agreed statement of facts can not be considered as record, the same not having been approved by the trial judge and made a part of the record, where it only appears that such agreed statement was signed by counsel and filed in the office of the clerk." *Federal Investment Co.* v. *Ewing,* 165 *Ga.* 435 (141 S. E. 65), citing *Robinson* v. *Woodward,* 134 *Ga.* 777 (68 S. E. 553), and *Scott* v. *Wage Earners Loan &c. Co.,* 147 *Ga.* 576 (94 S. E. 1021). See also *Fitzgerald* v. *Brown,* 22 *Ga. App.* 57 (95 S. E. 377); *Wilcher* v. *Williams,* 41 *Ga. App.* 668 (154 S. E. 292). "Where a case is submitted to the trial judge to pass upon all questions of law and fact without the intervention of a jury, and he renders judgment in favor of the plaintiff [or the defendant], this court will pre-

sume, in the absence of the evidence introduced before the judge and upon which he acted in rendering judgment, that he had before him ample evidence to support his judgment, and that therefore the judgment is not contrary to law or the evidence." *Federal Investment Co.* v. *Ewing,* supra. The rules of practice herein stated having been invoked by the defendant, and the error assigned in the bill of exceptions on the finding in favor of the defendant being such as can not be determined from the record without a consideration of such alleged agreed statement, the judgment of the court below will be affirmed. *Wilcher* v. *Williams,* supra, citing *Silvey* v. *Brown,* 137 *Ga.* 104 (2) (72 S. E. 907).

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*