26975. BAKER, executrix, *v.* WILLIAMS.

DECIDED OCTOBER 1, 1938.

*R. C. Jenkins, Carlton E. Jewett,* for plaintiff.

*R. C. Whitman,* for defendant.

SUTTON, J. 1. A promise to answer for the debt, default or miscarriage of another, in order to be binding, must be in writing, and be supported by a consideration; it is nudum pactum unless some benefit accrues to the debtor or there is a detriment to the promisee. *Wright* v. *Threatt,* 146 *Ga.* 778, 781 (92 S. E. 640, L. R. A. 1918C, 541). A promissory note can not be enforced where it is executed to pay an existing debt of another, and such assumption is supported by no legal consideration, that is, no benefit to the promisor or detriment to the promisee. *Gibson* v. *Kyle,* 46 *Ga. App.* 295 (167 S. E. 547).

2. The plaintiff in error contends that this case should be determined under the law of Virginia, as the note was made payable in Richmond, Virginia, and invokes an application of the uniform negotiable-instruments law adopted in that State. According to the evidence, that law is the same in Virginia as in Georgia. And while it is true that "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value" (Code, § 14-301), it is also true that "A proper construction of the negotiable-instruments law, now adopted as a statute in all of the States, requires the ruling that want of consideration may be pleaded as a defense in a suit on a sealed promissory note. This uniformity, we think, will prove of very great convenience and satisfaction to the business world." *Citizens Bank of Blakely* v. *Hall,* 179 *Ga.* 662, 668 (177 S. E. 496). Want of consideration was one of the defenses set up in the present case.

3. Accordingly, where it appears from the uncontradicted evidence that the defendant, Mrs. Henry Williams, executed the note sued on in Eatonton, Georgia, payable to the plaintiff, J. Sydney

Baker, in Richmond, Virginia, for the purpose of partly reimbursing the plaintiff for securities which A. C. Arnold, the brother of the defendant, had defrauded him out of, and on account of which A. C. Arnold had been indicted and sentenced in the criminal court of Richmond, Virginia, to a term in the penitentiary, the note having been executed by the defendant as principal and indorsed by A. C. Arnold after the aforesaid defalcation, and after he had been convicted and sentenced for the same, and there being no other consideration for the execution of the note on the part of the defendant than to partly reimburse the plaintiff for the defalcation of her brother, for which she was in no way legally bound or responsible, the note sued on was a nudum pactum and unenforceable as against the defendant, Mrs. Henry Williams, and the court did not err in so holding and in nonsuiting the case. A. C. Arnold was not sued in this case; and in making the above rulings this court, of course, does not hold or in any way intimate that he would not be liable on said note.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*