GREENFIELD *et al.,* executors, *v.* HARVEY.

No. 13295. OCTOBER 15, 1940. REFILED NOVEMBER 13, 1940.

94

95

W. C. Little, for plaintiffs in error.

W. Glenn Thomas, J. T. Powell, and D. W. Krauss, contra.

ATKINSON, Presiding Justice.  "A statement in a bill of exceptions, that 'plaintiff excepts to said verdict and judgment as being contrary to law.' is not a valid assignment of error and will not be considered by this court." *Rodgers* v. *Black,* 99 *Ga.* 142 (25 S. E. 20), *Newberry* v. *Tenant.* 121 *Ga.* 561 (49 S. E. 621). On reason and by analogy this applies in a case where there is no verdict, but only a judgment rendered upon a submission to the judge without a jury to pass on all questions of law and fact.

(*a*) Accordingly, on final trial of a case for equitable relief involving issues of fact that ordinarily should be submitted to a jury, but by stipulation between the parties all issues of law and fact are to be passed upon by the trial judge without a jury, a statement in a direct bill of exceptions that the judgment in favor of the plaintiff is excepted to "as error as being contrary to law," is too indefinite to present any question for decision. See *Wheeler* v. *Worley.* 110 *Ga.* 513 (35 S. E. 639).

(*b*) In the instant case. except for the stipulation, the issues of fact would have been for decision by the jury.

(*c*) The instant case is of the character above indicated. It differs from cases where the judge passes on applications for interlocutory injunctions, alimony, and similar matters. As to such distinctions see *Kirkland* v. *Atlantic & Birmingham Railway Co.,* 126 *Ga.* 246 (55 S. E. 23). The case also differs from cases such

as involve overruling motions for a new trial, demurrers, and similar pleadings in which the specific grounds are definitely set up. See *Callaway* v. *Atlanta,* 6 *Ga. App.* 354 (64 S. E. 1105). The case also differs from *Cates* v. *Duncan,* 180 *Ga.* 289 (179 S. E. 121), and *Tilly* v. *King,* 190 *Ga.* 421 (9 S. E. 2d, 670), and cit., in which the assignments of error were as to rulings on matters for decision of the judge alone, which could not have been submitted to a jury.

(*d*) The assignment of error was too indefinite to present any question for decision by the Supreme Court.

"In a case involving questions of law and fact, tried by a judge without the intervention of a jury, where no motion for new trial is made, and a bill of exceptions is sued out assigning error upon the judgment rendered by the trial judge, the evidence should be embodied in the bill of exceptions, or attached as an exhibit thereto and properly identified by the trial judge, or contained in a brief of the evidence approved by him and made a part of the record. *Robinson* v. *Woodward,* 134 *Ga.* 777 (68 S. E. 553) ; *Scott* v. *Wage Earners Loan &c. Co.,* 147 *Ga.* 576 (94 S. E. 1021) ; *Leggett* v. *Pridgen,* 150 *Ga.* 115 (102 S. E. 829). See also *Glover* v. *State,* 128 *Ga.* 1 (57 S. E. 101) ; *Blackman* v. *Garrett,* 135 *Ga.* 226 (69 S. E. 110) ; *Silvey* v. *Brown,* 137 *Ga.* 104 (72 S. E. 907) ; *Town of Fairburn* v. *Edmondson,* 160 *Ga.* 792 (129 S. E. 108). In the transcript sent up by the clerk as record, a paper which purports to be a copy of an agreed statement of facts can not be considered as record, the same not having been approved by the trial judge and made a part of the record, where it only appears that such agreed statement was signed by counsel and filed in the office of the clerk. *Robinson* v. *Woodward,* and *Scott* v. *Wage Earners Loan &c. Co.,* supra." *Federal Investment Co.* v. *Ewing,* 165 *Ga.* 435 (141 S. E. 65). See *McClarty* v. *Penn Mutual Life Insurance Co.,* 131 *Ga.* 724 (63 S. E. 224), in which the omitted matter was an agreed statement of facts. *Perry* v. *Perry,* 188 *Ga.* 477 (4 S. E. 2d, 184).

(*a*) Where such a paper purporting to be a copy of an agreed statement of facts, sent up in the transcript of record, can not be considered by the Supreme Court, because it was not approved and ordered filed by the trial judge and made a part of the record before signing the bill of exceptions, it would not be rendered competent by setting it forth in an amendment to the bill of exceptions,

nor would it serve to render definite the insufficient general assignment of error.

(*b*) If a *plaintiff in error* in a main bill of exceptions can procure the transmission of a brief of evidence as additional record under the acts of 1889 and 1905 (Code, § 6-810), it must have been approved and filed as part of the record by order of the judge, and the application to have it sent up must have been made as provided by the statute. *Smith* v. *Marshall,* 127 *Ga.* 374 (56 S. E. 416). See *Summerlin* v. *State,* 130 *Ga.* 791 (2) (61 S. E. 849). In the case first cited the statutory time for filing is incorrectly stated to be within twenty days after the date to the *certificate* to the bill of exceptions, whereas by the statute the time runs from the date of the *service.*

■ Applying the foregoing principles to the instant case: (*a*) The motion to amend the bill of exceptions is denied. (*b*) The writ of error is dismissed, because the sole assignment of error in the bill of exceptions is too general to present any question for decision by the Supreme Court.

*Writ of error dismissed. All the Justices concur.*