38225. AMERICAN IRON & METAL COMPANY *v.* DAVIDSON.

GARDNER, Presiding Judge. Counsel for Mrs. Ellen C. Davidson (defendant in error) has filed a motion to dismiss the writ of error filed by American Iron and Metal Company (plaintiff in error) on two grounds.

1. The first ground of the motion to dismiss alleges that the Court of Appeals has no jurisdiction of this case for the reason that it consists of an appeal by direct bill of exceptions from a judgment in the Civil Court of Fulton County in a case involving less than $300. The record shows that the amount involved is $161.12. The Court of Appeals *has* no jurisdiction in a case brought by a direct bill of exceptions from the Civil Court of Fulton County when the amount is less than $300. In *Milikin* v. *Johnson*, 78 *Ga. App.* 479 (51 S. E. 2d 561), this court set out the provisions in regard to this point as is shown in Ga. L. 1933, p. 290 et seq., that where the amount involved was more than $300, such could be brought to the Court of Appeals by a direct bill of exceptions. It follows that the converse is true. In that case the court went on to say: "This being an appeal by a direct bill of exceptions to this court from a judgment in a case in the Civil Court of Fulton County, wherein the amount involved is less than $300, and the defendant in error having filed a timely written motion to dismiss the appeal for want of jurisdiction in this court to entertain the same, the motion to dismiss is sustained and the writ of error is dismissed." There were many cases cited to support that ruling. See also *Pendley* v. *Union Bankers Ins. Co.*, 99 *Ga. App.* 189 (107 S. E. 2d 910). It follows that the Court of Appeals has no jurisdiction of the matter at issue.

2. The second ground of the motion to dismiss concerns consideration of evidence admitted and considered by the trial court, but not brought up to this court in the method provided by law. The record before us shows that the only evidence which is before the Court of Appeals is incorporated in a stipulation of fact. There is nothing in the bill of exceptions to enlighten us as to the evidence. In *Willcox* v. *Cobb*, 58 *Ga. App.* 39, 42 (197 S. E. 517), this court said: "This case was submitted to and passed on by the court upon an agreed statement of facts which was not embodied in the bill of exceptions or attached as an exhibit thereto and properly identified by the judge, but it was signed only by counsel for the parties. This agreed statement can not be considered by this court. 'In the transcript sent up by the clerk as record, a paper which purports to be a copy of an agreed statement of facts can not be considered as record, the same not having been approved by the trial judge and made a part of the record, where it only appears that such agreed statement was

signed by counsel and filed in the office of the clerk.' *Federal Investment Co.* v. *Ewing,* 165 *Ga.* 435 (141 S. E. 65), . . . 'Where a case is submitted to the trial judge to pass upon all questions of law and fact without the intervention of a jury, and he renders judgment in favor of the plaintiff [or the defendant], this court will presume, in the absence of the evidence introduced before the judge and upon which he acted in rendering judgment, that he had before him ample evidence to support his judgment, and that therefore the judgment is not contrary to law or the evidence.' *Federal Investment Co.* v. *Ewing,* supra." The rules of practice herein stated having been invoked by the defendant, and the error assigned in the bill of exceptions on the finding in favor of the defendant being such as can not be determined from the record without a consideration of such alleged agreed statement, the judgment of the court below will be affirmed. *Wilcher* v. *Williams,* 41 Ga. App. 668 (154 S. E. 292), citing *Silvey* v. *Brown,* 137 *Ga.* 104 (2) (72 S. E. 907). See also *State Highway Department* v. *Attaway,* 97 *Ga. App.* 141 (102 S. E. 2d 514). This court can not render a decision in the case at bar for the reasons set out in the second paragraph of the motion to dismiss.

This court, neither having jurisdiction nor having the case properly presented to us for consideration, has no alternative other than to dismiss the writ of error.

*Writ of error dismissed.* *Townsend, Carlisle, and Frankum, JJ., concur.*

DECIDED MAY 11, 1960.

M. L. Kahn, for plaintiff in error.
*Poole, Pearce & Hall, William B. Paul, Jr.,* contra.