6292. RIPLEY, trustee, *v.* BUCHANAN, marshal, *et al.*

BROYLES, J. It being expressly provided in section 42 (*g*) of the act creating the municipal court of Atlanta (Acts 1913, p. 169) that bills of exceptions to the Court of Appeals shall be certified by the chief judge of the municipal court, and there being no other provision in the act for the verification of bills of exceptions, a writ of error from the appellate division of the municipal court of Atlanta, certified by any other than the chief judge of that court, fails to confer jurisdiction upon this court, and the writ of error must be dismissed. The rule is so exclusive that the case is not altered although the chief judge could not, or did not as a matter of fact, preside in the trial in the appellate division.     *Writ of error dismissed.*

DECIDED DECEMBER 2, 1915.

Money-rule; from municipal court of Atlanta. December 31, 1914.

*Foster & Allen,* for plaintiff in error.

*Thomas H. Scott, Daley, Chambers & Daley,* contra.

---

6305. MORRIS *v.* TERRE HAUTE BREWING COMPANY.

BROYLES, J. 1. The sale, or keeping on hand for sale, of alcoholic, spirituous, malt, intoxicating liquors, or intoxicating bitters, or other drinks, which, if drunk to excess, will produce intoxication, is illegal in this State. Penal Code. § 426.

2. Where a brewing company advances money to A. to pay a State license for the operation of a "near-beer" saloon in this State, and the consideration for this loan is that A. shall sell no other beer than the beer sold by this brewing company, and where this beer, when drunk to excess, is intoxicating, the contract is based upon an illegal and immoral consideration, and no recovery thereon can be had.

3. The evidence set forth in the petition for certiorari demanded a finding that the beer in question was intoxicating.

4. The judge of the superior court erred in refusing to sanction the certiorari.     *Judgment reversed.*

DECIDED DECEMBER 2, 1915.

Petition for certiorari; from Fulton superior court—Judge Pendleton. December 5, 1915.

*Morris Macks,* for plaintiff in error.

*Dillon, Burress & Koback,* contra.