FEDERAL LAND BANK OF COLUMBIA *et al.*
*v.* BLACKSHEAR BANK *et al.*

BECK, Presiding Justice. 1. Where a lender agreed to make a loan to a debtor of a stated amount and take deeds to secure the same, upon the stated condition that the debtor's creditors having existing claims against him would so reduce or scale down their claims that the aggregate of their claims would be within the amount which the lender proposed to lend, and the creditors did scale down their demands which were secured by deeds executed by the debtor and which they canceled and surrendered in favor of the prospective lender, and one of the creditors signed an agreement jointly with the debtor, to be submitted

to the lender in connection with the application for the loan, wherein was stated the amount owing by the debtor to this creditor and the lesser amount which the latter would "accept in full settlement" of his claim, and which contained the further stipulation that upon payment of the reduced amount "no subsequent liens or other consideration or obligation will be received either directly or indirectly," the creditor who made this agreement as a part of the condition upon which the lender proposed to make the loan could not afterwards enforce a mortgage which he had taken on other property of the debtor pending the negotiations for the loan and in contemplation thereof, but without the knowledge of the lender, covering the difference between the full amount of his claim against the debtor and the reduced amount which he agreed to accept in full settlement thereof, where the enforcement of such mortgage might in any way imperil the security taken by the lender under the conditions above stated or hinder the debtor in the fulfillment of his obligation to the lender. What is said above applies also to the prosecution to judgment of a small note for $173, which one of the creditors had taken under the same circumstances; because, if the holder of this note be permitted to reduce it to judgment, he would by reason of that judgment be in a position to make such assertion of it as would interfere with the scheme that was entered into, whereby the debtor was released from a part of his debts to the original creditors so as to obtain the loan referred to above.

2. The rulings stated above adjudicate the controlling questions in this case adversely to the defendants. The judge erred in refusing the injunctive relief sought. *Judgment reversed. All the Justices concur.*

No. 11027. JUNE 12, 1936. REHEARING DENIED JULY 18, 1936.

659

*Harry D. Reed, O. L. Garrett, G. Stokes Walton,* and *Frank B. McDonald,* for plaintiff.

*Memory & Memory,* for defendants.