28322. JORDAN *v.* ROBINSON.

DECIDED NOVEMBER 29, 1940.

*Bright, Brannen & Howard, James C. Howard Jr.,* for plaintiff.
*James H. Dodgen,* for defendant.

BROYLES, C. J. W. R. Jordan (hereinafter called plaintiff) sued Daniel T. Robinson (hereinafter called defendant) on three promissory notes, executed by the defendant to the plaintiff, to recover $354.30 principal, interest, and attorney's fees. These notes were

secured by a security deed "subject to a loan deed in favor of Home Owners Loan Corporation [hereinafter referred to as H. O. L. C.] . . in the principal sum of $2000." This deed covered described realty and the prayer of the petition was that plaintiff have a judgment for principal, interest, and attorney's fees, and that said judgment be declared a lien upon said realty. In his answer the defendant pleaded (1) not indebted; (2) that he executed said notes and deed, but that the transaction was "a nudum pactum and without consideration;" (3) "that there was never any negotiations for, or consummation of, a loan or indebtedness between plaintiff and . . defendant, and that at the time he executed the notes and deed sued on he did not owe W. R. Jordan any sum whatsoever." At the conclusion of the evidence the court, acting without the intervention of a jury, rendered a judgment "for the defendant and against the plaintiff." The plaintiff filed a motion for new trial containing the usual general grounds and this motion was subsequently amended by adding thereto other grounds that were amplifications of the original general grounds. The motion for new trial as amended was overruled and the plaintiff excepted.

The plaintiff introduced in evidence, without objection, the notes and security deed declared on and the notice to claim attorney's fees. The plaintiff, sworn as a witness for the defendant, testified: "The security deed and the notes were executed by the defendant. . . The deed and the notes were given to take up a former deed and some former notes of a like nature. Originally, the defendant was indebted to Mrs. Virgil E. McGraw from whom I had a power of attorney. Acting for Mrs. McGraw under the power of attorney, I agreed to accept some bonds of the H. O. L. C. for the indebtedness due Mrs. McGraw, but I had an understanding with the defendant that he would execute to Mrs. McGraw a mortgage for any difference between the amount of the bonds and the indebtedness owed to Mrs. McGraw. The H. O. L. C. did not know about this agreement. The defendant executed this mortgage subject to the mortgage of the H. O. L. C. as he agreed to do. The defendant paid a part of the balance to Mrs. McGraw. Meanwhile, for a valuable consideration consisting of an exchange of property and some notes, I personally acquired such interest as Mrs. McGraw had in the notes and the mortgage. When the notes and the mortgage which had been given to Mrs. McGraw became due, the de-

fendant was unable to pay them. An agreement was then made with the defendant whereby the deed given to Mrs. McGraw for the difference in the bonds and the original indebtedness was to be canceled and the notes still owing on this mortgage were to be returned to the defendant. This was done, and the defendant then executed a new security deed and a new series of notes to me instead of to Mrs. McGraw. The defendant has paid me something over $100 on the notes which he executed to me. I did execute the agreement at the H. O. L. C. in behalf of Mrs. McGraw agreeing to accept the bonds in payment of the indebtedness due Mrs. McGraw by the defendant, but I had a side agreement with the defendant that I would get the second mortgage for Mrs. McGraw for the difference. I never did use any threats of any kind on the defendant. He executed both the mortgage to Mrs. McGraw and the new security deed and notes to me voluntarily, and all payments made to me, or to Mrs. McGraw through me as her attorney, were voluntarily made. Robinson was never indebted to me in any amount. I acquired the deed and notes from Mrs. McGraw as I have . . testified. There was no other consideration for the new deed and notes except taking up the mortgage and notes to Mrs. McGraw."

The defendant, sworn in his own behalf, testified: "I was not with Mr. Jordan at the H. O. L. C. when he signed the agreement to accept the bonds. I signed the original notes and mortgage to Mrs. McGraw because Mr. Jordan said I still owed a balance that the bonds did not cover. I never did owe Mr. Jordan any money. The new deed and the new notes that I executed to Mr. Jordan was a renewal of the mortgage and notes that I had given Mrs. McGraw after she had received the bonds of the H. O. L. C. Mr. Jordan never did threaten me except to say that he would foreclose on my house. I paid . . about $500 on the notes to Mrs. McGraw after the H. O. L. C. loan was made, but before I gave the new notes. . . I have paid something over $100 on the new notes. I do not know the exact amount." The release referred to in the brief of evidence is signed "Virginia E. McGraw, by W. R. Jordan attorney in fact." It is in part as follows: "To Home Owners Loan Corporation: The undersigned is the holder of a first mortgage or other obligation, which constitutes a lien or claim on the title to the home property of Daniel T. Robinson located 346

Angier Ave., N. E., Atlanta, Georgia, in the sum of $————,
including unpaid balance of principal and interest to date [this
property being the same realty described in paragraph 4 of the
petition]. Being informed that said owner has made application
to H. O. L. C. to refund his said indebtedness, the undersigned
has considered the method of refunding mortgages provided in
Home Owners Loan act of 1933, . . and the undersigned hereby
consents, if said refunding can be consummated, to accept in full
settlement of the claim of the undersigned . . $277.93, face
value of the bonds of the Home Owners Loan Corporation, to be ad-
justed with not exceeding $25 cash and thereupon to release all the
claim of the undersigned against said property. . ."

Our view is that the security deed and notes executed by the de-
fendant to Mrs. McGraw after she had released defendant from his
indebtedness to her were without consideration; and that the notes
and security deed subsequently executed by the defendant to the
plaintiff in lieu of the first-mentioned notes and deed were likewise
without consideration. In this connection, it may be recalled that
the last two sentences of the plaintiff's testimony were: "Robinson
was never indebted to me in any amount. I acquired the deed and
notes from Mrs. McGraw as I have previously testified. There was
no other consideration for the new deed and notes except taking
up the mortgage and the notes to Mrs. McGraw." We think that
the conclusion reached above is supported by the affirmance by this
court of a judgment of the trial court overruling a demurrer to the
defendant's answer in the case of *Willcox* v. *Cobb, 58 Ga. App.*
39, 40 (197 S. E. 517). We are of the opinion that the court,
acting without the intervention of a jury, was warranted from the
evidence in concluding that the notes and security deed declared on
were without consideration, and we hold that the overruling of the
amended motion for new trial was not error.

*Judgment affirmed.. MacIntyre and Gardner, JJ., concur.*