## ROBINSON *v.* REYNOLDS.

JENKINS, Justice. 1. The beneficent purpose of loans made by Federal agencies under and pursuant to the emergency farm mortgage act of 1933 (48 Stat. 48, § 32, 12 U. S. C. A. § 1016 (e)), was to enable persons in debt and without ability to make payment to constitute such agencies the sole creditors, thereby elminating by way of compromise all other creditors. Contracts that obviously and directly tend in a marked degree to bring about results that the law seeks to prevent can not be made the ground of a successful suit. Kniefel *v.* Keller, 207 Minn. 109 (290 N. W. 218, 220), and cit. Accordingly, a new obligation assumed by a debtor to a lien creditor, in violation of the expressed terms of the creditor's acceptance, as in full payment of an amount less than his debt, from a Federal agency, making a loan to the debtor, under the farm mortgage act, of an amount insufficient to pay lien indebtedness, is void as against public policy. *Federal Land Bank of Columbia* v. *Blackshear Bank*, 182 *Ga.* 657 (186 S. E. 724); *Kinard* v. *Bank of Lenox*, 57 *Ga. App.* 819 (196 S. E. 920); Oregon & Western Colonization Co. *v.* Johnson, 164 Or. 517 (102 Pac. 2d, 928, 932); Federal Land Bank *v.* Koslofsky, 67 N. D. 322 (271 N. W. 907); Jones *v.* McFarland, 178 Miss. 282 (173 So. 296); Smeltzer *v.* McCrory (Tex. Civ. App.), 101 S. W. 2d, 850. See analogous decisions as to such transactions under the home owners loan act of 1933 (12 U. S. C. A., § 1461 et seq.); Cook *v.* Donner, 145 Kan. 674 (66 Pac. 2d, 587), and cit.; notes in 110 A. L. R. 250, 121 A. L. R. 119, and cit.

2. Where a debtor and his secured creditor sign a statement to a Federal land bank that upon receipt by the creditor of the stated full amount the debt and lien would be satisfied in full, and where the land bank then tenders to the creditor and debtor a draft in an amount less than that mentioned by the debtor and creditor, but which draft recites on its face that "this amount is accepted in full settlement of the indebtedness represented by a certain security deed against [a described] lot of land," this being the lien theretofore referred to, and where the creditor accepts, indorses, and cashes the draft thus tendered, he is bound by the

condition embraced in the terms of the draft; with the result that a subsequent new lien taken by the creditor from the debtor for the difference between the amount of the draft and the amount of the original debt would be unenforceable as contrary to public policy. This is true even though the creditor had previously notified the Federal land bank that the lien debt would not be canceled for less than its full amount.

3. Under the preceding rulings, the question propounded by the Court of Appeals must be answered in the affirmative. *All the Justices concur.*

No. 14127.   JUNE 18, 1942.   REHEARING DENIED JULY 16, 1942.

G. G. *Bower* and *John E. Drake,* for plaintiff in error.
*Stapleton & Stapleton,* contra.