ALBERT F. PRIES v. ROE S. HURNING AND ANOTHER.[1]

July 21, 1944.

No. 33,840.

[1]Reported in 15 N. W. (2d) 515.

*Christensen & Ronken,* for appellant.

*Clarence T. Perkins* and *Richard Manahan,* for respondents.

PETERSON, JUSTICE.

This is an action on a promissory note for $1,100 executed and delivered by defendants to one Knud Pedersen as the difference between the amount due on a note secured by a mortgage on their farm, executed and delivered by them to him, and the amount received by him upon a mortgage loan made by the Federal Land Bank of Saint Paul to defendants. The loan was made for the purpose of paying the defendants' secured and unsecured indebtedness and to provide a "reserve" of $300 for painting and repairing the buildings. The defense was that the note was void as against public policy and that it was without consideration, because it was given for an indebtedness discharged by the proceeds of the land bank loan received by Pedersen.

In 1926, defendants executed the note and mortgage to Pedersen. In 1933, there was approximately $9,000 due thereon. Defendants procured a loan from the land bank to pay off their indebtedness. The Pedersen mortgage constituted the principal debt and the principal reason for the land bank loan. In November 1933, the land bank approved defendants' application for a loan of $8,000.

Instead of one loan, two separate loans secured by mortgages on defendants' farm were made: one by the Federal Land Bank of Saint Paul in the sum of $5,000, and the other by the Land Bank Commissioner in the sum of $3,000. The entire commitment was handled through the land bank. For convenience, we shall refer to the entire transaction as one loan by the federal land bank. It sent to its loan agent at Rochester the necessary vouchers for closing the loan, including a remittance statement and authorization for the disbursement of the sum of $7,751.88 from the amounts loaned. So far as here material, the authorization directed the local agent to pay the proceeds of the loan for the purpose of liquidating all of defendants' existing debts, of discharging all liens on their property, and of paying out of the $300 reserve for the painting and re-

pairing of the farm buildings. It directed the agent that the proceeds were to be used exclusively for the purposes mentioned, to procure and file releases of all liens and encumbrances prior to payment of any of the proceeds of the loan, and, if those conditions could not be fulfilled, to return the vouchers for closing the loan to the land bank. The agent was notified that it had no power to deviate from the written directions. Pedersen was informed of these directions. He stated that he would not accept the money upon the terms and conditions stated. But, notwithstanding his verbal refusal, he accepted and cashed vouchers for the amount tendered him, and, in order to obtain the amounts mentioned, executed and delivered a satisfaction of the mortgage reciting that the indebtedness (the note) described in and secured by the mortgage given to him by defendants, had been fully paid and satisfied. At the same time, or immediately afterward, defendants gave the note here involved to Pedersen. For reasons to be presently stated, the precise time is immaterial.

Defendants made some payments on the note. Pedersen died, and plaintiff became the owner of the note by a bequest thereof to him.

Defendants prevailed below, and plaintiff appeals.

Numerous assignments of error have been made. We deem it necessary to discuss only the question whether upon the undisputed facts defendants are liable.

Plaintiff contends that the note was given contemporaneously with the closing of the loan from the federal agency and that it is valid for that reason. Defendants contend that the note is void as against public policy, whether given contemporaneously with or after the closing of the loan, and, further, that if it was given afterward it is unenforceable for lack of consideration under the rule of such cases as Clark v. Abbott, 53 Minn. 88, 55 N. W. 542, 39 A. S. R. 577; Lankton v. Stewart, 27 Minn. 346, 7 N. W. 360; and Mason v. Campbell, 27 Minn. 54, 6 N. W. 405, to the effect that the creditor's acceptance from a third person, not under a prior legal or moral obligation to pay, of a sum less than the whole debt

in full payment operates as a satisfaction of the whole debt, and no action will lie by the creditor against the debtor to recover the balance of the debt.

The question as to the validity of the note sued on is foreclosed by our decision in Kniefel v. Keller, 207 Minn. 109, 290 N. W. 218, where we held that such loans are authorized by the emergency farm mortgage act of 1933, 48 Stat. 48, § 32, 12 USCA, § 1016(e), for the purpose of liquidating and discharging the indebtedness of distressed farmers and that any obligation assumed by such borrowers to pay an indebtedness which such a loan was made to discharge is contrary to public policy as tending to bring about a result which the law seeks to prevent, citing our decision in Pye v. Grunert, 201 Minn. 191, 275 N. W. 615, 276 N. W. 221, involving a similar question under home owners loan act of 1933, and numerous authorities from other jurisdictions supporting our decision. The rule announced in the Kniefel case has been adhered to in numerous cases. Arndt v. Bank of America (D. C.) 48 F. Supp. 961; Bilgore v. Gunn, 150 Fla. 799, 9 So. (2d) 184; Robinson v. Reynolds, 194 Ga. 324, 21 S. E. (2d) 214; Id. 68 Ga. App. 66, 22 S. E. (2d) 179; May v. Whitbeck, 111 Mont. 568, 113 P. (2d) 332. As we pointed out in the Kniefel case, the federal act in effect constitutes the land bank the sole creditor, thereby eliminating by way of compromise all other creditors. In effect, the federal agency as a third party and not as the debtor's agent pays and discharges the latter's debts.

Under the act, the arrangements are purely voluntary as to all parties concerned. No creditor can be compelled involuntarily to scale down his indebtedness or to have any dealings with the federal agency. If he voluntarily does accept the proceeds of a loan from the agency under a scale-down agreement, he is bound by the agreement, and the payment operates to discharge his debt the same as a payment in full. It is not necessary that the creditor give express and formal assent to the conditions upon which the proceeds of the loan are paid to him. The creditor's acceptance of the proceeds of the loan from the federal land bank's agent, who

is authorized to pay only according to written instructions, operates as an acceptance of all the terms and conditions contained in the instructions the same as an express contract to that effect. In Geel v. Valiquett, 292 Mich. 1, 289 N. W. 306, a loan was closed under similar instructions by a local agent of the same federal land bank here involved. The creditor accepted the proceeds of the loan from the agent, but did not sign a so-called creditor's agreement that the payment discharged his debt and lien. The court held that the result was the same as if he had.

Plaintiff seeks to differentiate the instant case from those of the type cited. He insists that Pedersen expressly refused to accede to the terms and conditions of the payment to him of the proceeds of the loan. This does not avail him. He was dealing with an agent whose powers were defined and who had no authority to deviate therefrom. He was entitled to the proceeds of the loan only if he acceded to the terms and conditions upon which payment thereof was offered to him. By accepting the payment he agreed to all the terms and conditions upon which it was made. Peterson v. New York L. Ins. Co. 185 Minn. 208, 240 N. W. 659, 80 A. L. R. 180; Beck Elec. Const. Co. v. National Contracting Co. 143 Minn. 190, 173 N. W. 413. It is not important that Pedersen did not sign a so-called creditor's agreement. None was used here and none was necessary. Acceptance of the proceeds of the loan from the land bank's agent under instructions to pay upon certain conditions operates as an acceptance of those conditions. Geel v. Valiquett, 292 Mich. 1, 289 N. W. 306, *supra*.

It makes no difference so far as the note's validity is concerned whether it was given contemporaneously with or after the closing of the loan from the federal agency. The note is invalid because of the fact that to enforce payment of it would circumvent and defeat the purposes of the federal statute. The time when it was given is wholly immaterial. Pye v. Grunert, 201 Minn. 191, 275 N. W. 615, 276 N. W. 221, *supra*, on application for reargument. As said of a similar agreement under the home owners loan act in Cook v. Donner, 145 Kan. 674, 681, 66 P. (2d) 587, 591, 110 A. L. R. 244,

194

and annotation, holding it void as against public policy, "the mere fact that he [the creditor] exacted such additional sum [by the agreement] while negotiations were pending or *after having agreed to accept a definite sum in full settlement* denotes bad faith." (Italics supplied.) It is not necessary to decide whether the note is unenforceable upon the additional ground urged by defendants that plaintiff's acceptance of a sum less than the whole debt as payment thereof operated as a satisfaction of the whole debt.

Affirmed.