# EMPIRE MORTGAGE & INVESTMENT CO. *v.* BRATTON.

No. 15059. JANUARY 6, 1945. REHEARING DENIED FEBRUARY 9, 1945.

*Shelton & Pharr,* for plaintiff in error.   *Alex M. Hitz,* contra.

GRICE, Justice.   A considerable portion of the brief of counsel for the defendant in error is devoted to the maintenance of the

proposition that the Georgia cases next hereinafter mentioned compel an affirmance, and that there is a great unanimity of decisions from other jurisdictions which declare "to be void, invalid, and unenforceable a second loan deed or mortgage taken after the execution of a consent agreement and the acceptance of HOLC bonds and cash thereunder." We are in disagreement with counsel as to the effect of the holding of these five cases. The question as to the validity of a second mortgage, taken contemporaneously with the execution of a Home Owners' Loan Corporation first mortgage, was not before the Court of Appeals of this State in *Willcox* v. *Cobb,* 58 *Ga. App.* 39 (197 S. E. 517). Therefore that case is not in point. The same observation applies to *Jordan* v. *Robinson,* 63 *Ga. App.* 745 (12 S. E. 2d, 121), and *Kinard* v. *Bank of Lenox,* 57 *Ga. App.* 819 (196 S. E. 920), which also had other distinguishing features. Among the latter is the fact that the first mortgage was given to the Federal Land Bank, and not to Home Owners' Loan Corporation. This is true also of *Federal Land Bank of Columbia* v. *Blackshear Bank,* 182 *Ga.* 657 (186 S. E. 724), and *Robinson* v. *Reynolds,* 194 *Ga.* 324 (21 S. E. 2d, 214). An examination of the facts in each of the two last cited will reveal that in the "creditor's agreement," submitted to the land bank, it was expressly agreed that the creditors would not demand, accept, or receive any obligation, evidence of indebtedness, lien, or security for the difference, or any part thereof. The court in each instance made mention of this in the decision. The difference between the creditor's agreement in the Federal Land Bank cases and the one here involved has been pointed out by several of the courts of other jurisdictions, where second mortgages have been upheld against an attack that the home owners' loan corporation act forbade them, and that the taking of them was a violation of public policy.

This record does not present an instance where a second loan deed or mortgage was taken *after* the execution of a consent agreement and the acceptance of Home Owners' Loan Corporation bonds and cash thereunder, and therefore it matters not what the law may be covering such a situation. Here, the uncontradicted proof is that the second mortgage was taken contemporaneously with the consent agreement and the acceptance of the cash and bonds, and with the execution of the Home Owners' Loan Corporation first mortgage, all being a part of the same transaction.

All the cases cited in both briefs relating to the question have been examined, as have those in the notes in 110 A.L.R. 250, 121 A.L.R. 119, and 125 A.L.R. 809, as well as such of the supplemental decisions in the A.L.R. Blue Book as appear to be in point. It would be useless here to cause all these to pass in review, or even to cite them in this opinion. While there may be a minor discord here and there, there is a general harmony among them to the effect that, if the second mortgage was executed with the knowledge and consent of the attorney closing the transaction for Home Owners' Loan Corporation contemporaneously with the execution of the creditor's agreement, containing nothing more than the one in the instant case, the amount of the two mortgages not exceeding the value of the property according to the corporation's appraisal thereof, the second mortgage is valid and enforceable. Among the many authorities so holding are the following well-reasoned cases: Lavery v. Rizza, 126 Conn. 132 (9 Atl. 2d, 819); Neavitt v. Upp, 57 Ariz. 445 (114 Pac. 2d, 900); Meek v. Wilson, 283 Mich. 679 (278 N. W. 731); McVicar v. Peters, 12 Wash. (2d) 92 (120 Pac. 2d, 485); Krause v. Swanson, 141 Neb. 256 (3 N. W. 2d, 407).

All of the evidence construed together demanded a judgment denying the injunction. We do not overlook the fact that the petition was introduced in evidence. However, construing it as a whole most strongly against the petitioner, it discloses that she is not entitled to the relief sought.

*Judgment reversed. All the Justices concur.*