30692. JOHNSON *v.* BRISENDINE.

Decided January 18, 1945.

*C. E. Moore, F. L. Breen,* for plaintiff in error.

*Charles W. Anderson, Leonard Pennisi,* contra.

FELTON, J. 1. The evidence shows that Mrs. Johnson executed a series of notes to Brisendine and C. L. Floyd, and executed and delivered to them a security deed which was second to a deed held by Atlanta Title & Trust Company; that C. L. Floyd transferred his interest in the notes, deed, and property to T. F. Maddux; that when Mrs. Johnson applied for a loan on the property from Home Owners Loan Corporation it was found that her warranty deed from Floyd and Brisendine had not been recorded; that Brisendine executed an affidavit for the purpose of enabling Mrs. Johnson to obtain the loan, the affidavit being as follows: "Georgia, Fulton County. Personally appeared before me, the undersigned officer authorized to administer oaths, W. D. Brisendine, who being by me first duly sworn, deposes and says on oath that Mrs. Alice T. Johnson purchased property known as No. 1671 Flat Shoals Road, S. E., Atlanta, Georgia, from affiant and C. L. Floyd. Deponent further deposes and says that this property was purchased by Mrs. Alice T. Johnson under date of Feb. 10, 1933, and on said date affiant and C. L. Floyd executed warranty deed to Mrs. Alice T. Johnson, and that said deed was delivered to her on that date; that the unrecorded warranty deed, bearing said date and conveying said property, now in the hands of Cecil R. Hall, DeKalb County attorney for Home Owners Loan Corporation, is the original deed that was executed and delivered on said date to Mrs. Alice T. Johnson. This affidavit is made to be used by her in her application to Home Owners Loan Corporation for a loan on said property, said application being No. 9-A-3499. W. D. Brisendine. Sworn to and subscribed before me this 26 day of May, 1934. C. R. Hall, Notary Public, Georgia, State at Large." Without quoting the evidence in detail, the jury was authorized to find that Mr. Brisendine did not conspire with Mrs. Johnson to conceal her debt to Brisendine and Maddux from Home Owners Loan Corporation, or the fact that it was secured by an unrecorded security deed, and to find that Mr. Brisendine did not know that Home Owners Loan Corporation was not informed of the indebtedness to him and Mr. Maddux. The finding was authorized that Mr. Brisendine told the attorney for Home Owners Loan Corporation about the indebtedness. The contention of Mrs.

Johnson is that it was Mr. Brisendine's duty, in making the affidavit above set forth concerning the warranty deed to Mrs. Johnson, to reveal the existence of the security deed and the debt secured thereby, and that when Mr. Brisendine returned the old notes and deed to Mrs. Johnson uncancelled, it revealed a scheme to evade the policy of the Home Owners Loan Corporation legislation, which, she contends, would have been wiped out if Home Owners Loan Corporation had known about them. The answer to the first contention is that if Mr. Brisendine had no reason to suspect that Home Owners Loan Corporation did not know about the security deed in question he owed no duty to reveal the information in giving information on an entirely different subject, assuming that otherwise he would have been under such a duty. The fact that the affidavit contained Mrs. Johnson's Home Owners Loan Corporation application number does not mean that Mr. Brisendine had read the application or knew its contents. Moreover, although Mrs. Johnson in one or more places stated in her application that there was not a second loan on the property, she stated also in the application that there had been a default in the payment of a second loan, but did not state to whom it was owed. This authorized the jury to find that the notice was sufficient to put Home Owners Loan Corporation on inquiry as to the existence of the second loan, and even if Mr. Brisendine is charged with knowledge of the contents of the application the jury could have found that he was justified in assuming that Home Owners Loan Corporation had notice of its existence from the application. The fact that Mr. Brisendine delivered the old security deed to Mrs. Johnson without canceling it has no significance. The deed was not recorded, so there was no necessity of cancellation on the public records, and it could have been defaced or destroyed by Mrs. Johnson. We recognize the public policy of the law and are aware of the decisions to the effect that a creditor cannot agree to cancel a debt or reduce it in consideration of a Home Owners Loan Corporation loan and then attempt to override his agreement and the policy of the law by reinstating the debt or a part thereof by another agreement. See *Robinson* v. *Reynolds,* 194 *Ga.* 324 (21 S. E. 2d, 214); Kay *v.* United States, 303 U. S. 1, 8 (58 Sup. Ct. 468, 82 L. ed. 607); *Federal Land Bank* v. *Blackshear Bank,* 182 *Ga.* 657 (186 S. E. 724); *Willcox* v. *Cobb,*

58 *Ga. App.* 39 (197 S. E. 517) ; *Jordan* v. *Robinson,* 63 *Ga. App.* 745 (12 S. E. 2d, 121). Under the authorized findings the plaintiff was not estopped to collect the notes sued on.

2. There is no merit in any of the exceptions to the charges of the court. The court fully and fairly submitted the contentions of both parties. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*