33891.   JONES *et al. v.* LOWMAN.

Decided March 21, 1952.

*Mitchell & Mitchell,* for plaintiffs in error.

*Wood & Tallant,* contra.

GARDNER, P. J. ■ Error is assigned in special ground 1 on the following charge: "There is no contention about the amount being correct, so far as the amount is concerned. And if you find for the plaintiff your verdict would be for $956.40, besides interest on that at the rate of seven percent per annum from the time the evidence shows it became due, if the evidence does show that, if the evidence doesn't show when it became due then you would figure that interest at seven percent per annum from the time that the evidence shows, if it does, that Mr. Lowman made demand for payment of it. If the evidence doesn't show what time, what particular time he made demand for the payment of it, then you would figure interest from time of the filing of the suit, on $956.40, at seven percent, if you otherwise find for the plaintiff."

The defendant contends that this charge was error because there was evidence authorizing the jury to render a verdict for a lesser sum than that sued for, to wit, $773. The plaintiff voluntarily reduced the verdict and judgment rendered from $956.40 and interest to $773, and the defendants, in their brief, expressly abandon this ground.

■ In special ground 2, the defendants contend that the court erred in not charging the jury, same being properly requested, as follows: "The plaintiff Lowman contends that he had no knowledge of the fact that the defendants were going to use this syrup he furnished them or sold them in the illegal manufacture of intoxicating liquors; however, under the law I have just given you in charge, if you find from the evidence such facts and circumstances which are inconsistent with the truth of his sworn testimony to that effect, then you would have the right to dis-

believe his sworn testimony and believe otherwise. I further charge you that if from the facts and circumstances as shown by the evidence you should find that the plaintiff Lowman did have knowledge of the intended illegal use of this syrup, then your verdict should be for the defendants, Jones and Kindal."

The principle embodied in the above request was not adequately covered by the charge as given, and was applicable under the facts in the record. The defendant Kindal alleged that this syrup was to be used in the manufacture of illicit intoxicating liquor, was purchased by him for that purpose, and not only did the plaintiff know such fact, but the agreement between himself and the plaintiff was that the syrup was to be paid for by the whisky and brandy "stilled," and that the plaintiff had received from him 12 gallons of brandy at $7 a gallon, 66 gallons of whisky at $3 a gallon, and $30 in cash. This defendant also sets up that the contract for the purchase of this syrup was void because of the illegality of the consideration. It appeared that, after the jury retired, they were called back by the court, in response to their request, and recharged to the effect that the plaintiff would not be entitled to recover for the syrup if he agreed to accept intoxicating liquor in payment therefor. However, under the facts, the defendants were entitled to have the jury instructed fully and as thus requested. "A contract to do an . . illegal thing is void." Code, § 20-501. "Where parties are engaged in illegal transactions, whether malum prohibitum or malum in se, the courts of this State will not interpose to grant any relief. In such cases the rule is, for the court to leave the parties where it finds them, no matter whether the illegality of the contract appears from the plaintiff's case, or is set up by way of defense." *Benson* v. *Georgian Co.*, 21 *Ga. App.* 448 (94 S. E. 644). The defendants may repudiate the transaction. *Flournoy* v. *Highlands Hotel Co.*, 170 *Ga.* 467, 471 (153 S. E. 26). A contract involving the manufacture, delivery, and sale of illicit distilled intoxicating liquor is void and unenforceable. See *Morris* v. *Terre Haute Brewing Co.*, 17 *Ga. App.* 383 (87 S. E. 159).; *Crigler & Crigler Co.* v. *Laramore*, 18 *Ga. App.* 132 (88 S. E. 901). And also see generally *Robinson* v. *Reynolds*, 194 *Ga.* 324 (21 S. E. 2d, 214); *Smith* v. *Patterson*, 82 *Ga. App.* 595, 598 (61 S. E. 2d, 679) and cases cited.

It was error for the court to refuse to give such requested charge, which was legal, apt, and precisely adjusted to the defendants' contention to be considered by the jury, "in applying the general principle to this one of the several matters for their consideration." *Thompson* v. *Thompson,* 77 *Ga.* 692 (3 S. E. 261). Also see *Central of Ga. Ry. Co.* v. *Goodman,* 119 *Ga.* 234 (45 S. E. 969). "It is error . . to refuse to charge a special written request made by defendant's counsel, which is legal and adjusted to a distinct matter in issue, involving plaintiff's right to recover, although the principle of such request may be covered in general and abstract terms by other instructions of the court." *Snowden* v. *Waterman & Co.,* 105 *Ga.* 384 (5) (31 S. E. 110).

"Ordinarily a refusal to give in charge to the jury, substantially in the language requested in writing, a timely, pertinent, and legal instruction, which is properly adjusted to one or more issues arising out of the evidence and which is specific in its application thereto, is ground for new trial, although in principle and in more abstract terms the charge requested may have been covered by other instructions given by the court." *Werk* v. *Big Bunker Hill Mining Corp.,* 193 *Ga.* 217 (4) (17 S. E. 2d, 825). In the *Werk* case, the late Mr. Justice Warren Grice, speaking for the Supreme Court, wrote exhaustively on the question presented in this special ground, citing and dealing with many authorities pro and con, including *Thompson* v. *Thompson,* supra, and *Central of Ga. Ry. Co.* v. *Goodman,* supra, and reached the conclusion now reached by this court, that it is error to fail to give such a. requested instruction, even though the court charged generally the principle covered by the request. See item beginning on page 225 to middle of page 234. Justice Bell concurred specially, but not as to the above question, the ruling made being specifically assented to except that Mr. Justice Bell did not agree that there was a conflict in the previous rulings of the Supreme Court on this question, but said, "I am agreeing in this case that it was error to refuse the request." *Werk* v. *Big Bunker Hill Mining Corp.,* pp. 235, 236-240. Because of the error assigned in this special ground, the trial court committed reversible error in not granting a new trial, for a new trial ought to have been granted.

■ While the recharge, assigned as error in special ground 3, is

not entirely accurate and adjusted to the facts, the court, in view of the ruling made in division 2 hereof, is not likely so to charge the jury on a second trial.

■ In view of the fact that a new trial is granted because of the refusal of the court to give the request dealt with in division 2 hereof, it is unnecessary to pass upon the sufficiency of the evidence, except to state that a verdict for the plaintiff was not demanded.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*