40873. FARRINGTON v. GEORGE MOORE ICE CREAM COMPANY, INC.

DECIDED JANUARY 8, 1965.

*Daniel B. Clark, Hugh G. Head, Jr.,* for plaintiff in error.

*Woodruff, Savell, Lane & Williams, Edward L. Savell,* contra.

FRANKUM, Judge. Mrs. Virginia Farrington brought a suit for damages against George Moore Ice Cream Company, Inc. and Donald W. Green. The suit grew out of a collision between an automobile driven by Mrs. Farrington and a truck owned by the defendant ice cream company and driven by the defendant Green. The pleadings and the evidence showed that the collision occurred at a point on East Ponce de Leon Avenue in Decatur, Georgia, adjacent to a private driveway leading from a parking lot located on the south side of the street approximately 200 feet west of the intersection of that street with North Candler Street. It appeared from the evidence that Mrs. Farrington was in the process of driving her automobile into the street from the driveway intending to cross the eastbound lane of the street, execute a left turn and proceed in a westerly direction on East Ponce de Leon. The truck of the defendant ice cream company operated by Green was proceeding in a westerly direction and collided with the automobile near the center line of the street. The plaintiff alleged that the collision was caused by specified acts of negligence on the part of the defendants and resulted in certain property damage to her automobile and enumerated injuries to her person. Before the case was submitted to the jury Green was stricken as a party defendant, and the case proceeded against the ice cream company alone. The jury returned a verdict for the defendant, and the plaintiff made a motion for new trial on the general grounds which she amended by the addition of 10 special grounds. Her motion was overruled, and the exception is to that judgment.

■ Movant in grounds 4, 5, 6, and 7 of her motion for new trial asserts that the court erred in refusing to give in charge to the jury certain principles of law embodied in written requests "timely . . . filed with the court." Each of these grounds alleges merely that the requested charge was legally correct, adjusted to the evidence, was proper and required in all respects, and that it was prejudicial error to refuse it because, if the jury had had the benefit of the charge, the verdict would have been in favor of the plaintiff. These grounds are too gen-

eral and incomplete to be considered. They do not show that the requests were submitted to the court by the plaintiff in error, nor show in themselves or by specific reference to any portion of the record that the requests were applicable or pertinent to the facts of the case. Complaint cannot be made because of the refusal of the court to give in charge to the jury certain principles of law embraced in requests to charge unless the requests were made by the party making the complaint. *McDonald v. Dabney,* 161 Ga. 711, 713 (6) (132 SE 547); *McRitchie v. Atlanta Trust Co.,* 170 Ga. 296, 320 (16) (152 SE 834); *Nickerson v. Porter,* 189 Ga. 671 (2), 674 (7 SE2d 231). A ground of a motion for a new trial is incomplete unless the ground alleges facts, or by specific reference to the record refers to facts sufficient to show that the same is meritorious. *Lightfoot v. Southeastern Liquid Fertilizer Co.,* 102 Ga. App. 512, 513 (116 SE2d 651); *Dillard v. Jackson's &c. Concrete Co.,* 105 Ga. App. 607, 608 (125 SE2d 656).

■ In three paragraphs of its answer the defendant admitted the allegations of nine paragraphs of the plaintiff's petition. Ground 8 of the motion for new trial complains of a portion of the charge of the court on the ground that it instructed the jury, with respect to those paragraphs of the answer, that they *might* consider the admissions contained therein as evidence, when, as contended by the plaintiff in error, the jury should have been instructed that they were *required* to consider them as evidence. In other portions of the charge the trial court instructed the jury that the pleadings would be out with them, that it would be their privilege as well as their duty to read the pleadings so as to be informed in detail as to the contentions of the parties; that the pleadings were not evidence and not to be considered by the jury as evidence except as to the three paragraphs of the answer here involved; that the effect of those paragraphs was to relieve the plaintiff of the necessity of proving the allegations of her petition which were admitted thereby; that those allegations of the plaintiff's petition which the defendant admitted in its answer "are to be taken as true," and that it would not be necessary for the plaintiff to introduce any evidence in support of those allegations.

The portion of the charge excepted to in this ground of the motion, when read in the context of the charge as a whole and particularly with reference to the other portions of the charge pointed out above, was not harmful or reversible error. The charge, as a whole, clearly relieved the plaintiff of the burden of proof with respect to those paragraphs of the plaintiff's petition which were admitted in the defendant's answer to be true. No written request for more explicit instructions with respect to the effect of admissions contained in the answer was submitted. Accordingly, ground 8 is not meritorious.

■ In ground 9 the plaintiff contends that the admission elicited on cross examination from Donald W. Green, the driver of the defendant ice cream company's truck, that he did not see the plaintiff until after the truck he was driving had hit her car, was an admission of complete liability proving "effective causal negligence" and demanding a verdict for the plaintiff. It cannot be said that this testimony, when construed and considered in connection with the other evidence in the case, demanded a verdict for the plaintiff. The jury, in construing the intention and the meaning of the witness' words in light of all the facts and circumstances in the case as they were authorized to do, *Miller v. Cotten*, 5 Ga. 341, 349, *Sutherland v. Woodring*, 103 Ga. App. 205, 214 (1), (118 SE2d 846), were authorized to consider the fact that the witness was testifying some three and one-half years after the occurrence, that other evidence showed without contradiction that the truck driven by this witness laid down some 45 feet of tire marks before it struck the plaintiff's automobile, together with the testimony of the witness, John Womack III, to the effect that he observed the plaintiff's automobile leap out from the driveway from which it was emerging immediately prior to the impact. We think it is obvious from this evidence that the jury was authorized to infer that the witness Green saw the plaintiff's automobile in time to apply the brakes on the truck with sufficient force to leave the imprint of tire marks on the street for a distance of 45 feet, from which evidence the jury would have been further authorized to conclude he would not have done so except in an effort to avoid the collision, after observing the plaintiff's automobile emerging from the

driveway. Assuming, however, that the evidence demanded a finding that the defendant ice cream company's driver was guilty of some negligence contributing to the collision, there was, nevertheless, other evidence in the case which would have authorized the jury to conclude that the plaintiff, by the exercise of ordinary care, could have avoided the negligence of the driver of the ice cream truck, and that the plaintiff's failure to exercise such care barred her from a recovery. This ground is without merit.

Ground 10 complains of the failure of the court to charge that the evidence referred to in ground 9 demanded a verdict for the plaintiff in some amount, and that the jury should find for Mrs. Farrington on the issue of liability. Assuming that this ground is sufficiently complete to authorize its consideration by the court, it is without merit in view of what has been said with respect to ground 9.

■ Grounds 11 and 12 are without merit. In ground 11 it is contended that the court should have charged the jury that, because it was uncontradicted that the defendant's truck crossed the center line of the street prior to the collision, the evidence demanded a verdict for the plaintiff, and that it was illegal for the defendant's truck to cross onto its left hand side of the street. Clearly, under one aspect of the evidence, the jury was authorized to find that the plaintiff drove her car rapidly out of a private driveway across the eastbound lane of East Ponce de Leon Avenue toward the westbound lane in which the defendant's truck was being operated westerly; that this movement of the plaintiff's automobile was sudden and without warning and immediately in front of the defendant's truck, creating an emergency. The evidence shows that if the defendant's truck crossed the center line of the street (which was unmarked), it did so only in the last few feet of its travel prior to the collision. The jury was authorized, in considering all the evidence, to find that the plaintiff was negligent in driving out of the driveway in the manner related, and that this was the sole proximate cause of the collision. The evidence that the defendant's truck crossed the center line did not demand a verdict for the plaintiff, nor did it authorize the judge to instruct the jury to that effect.

With respect to ground 12 it is sufficient to state that where the defendant has denied the allegations of negligence contained in the plaintiff's petition, it is proper for the judge to instruct the jury to that effect. While the jury may have been authorized to conclude from all the evidence that the defendant's driver failed to keep a reasonable lookout and that he failed to turn the vehicle aside, the evidence contains no direct admission demanding this conclusion so as to require the judge to charge that the allegations of negligence to this effect contained in the plaintiff's petition were admitted by the defendant.

■ Ground 13 constitutes an effort by the movant to impeach the verdict of the jury by an affidavit of one of the jurors. It is an elementary rule of law that a juror cannot be heard to impeach his own verdict. *Code* § 110-109; *Brinsky v. Cunningham,* 72 Ga. App. 522 (2) (34 SE2d 458); *Wellbeloved v. Wellbeloved,* 209 Ga. 709 (75 SE2d 424).

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*