41160. WALLACE et al. v. WILLIS.

ARGUED FEBRUARY 3, 1965—DECIDED APRIL 21, 1965.

*Hurt, Hill, Richardson & Sosebee, James C. Hill, Robert R. Richardson, Edwards, Bentley, Awtrey & Parker,* for plaintiffs in error.

*Llop & Long, Nick Long, Jr.,* contra.

FRANKUM, Judge. ■ The bill of exceptions certified by the trial judge was filed in the office of the clerk of the superior court on August 27, 1964. Under the law it should have been transmitted by him to the clerk of this court within 20 days of the

date of filing. In fact, it was not transmitted to this court until December 28, 1964. The defendant in error has moved to dismiss the writ of error because of the delay in the transmission of the bill of exceptions and the transcript. This motion is without merit and must be denied. "No writ of error in any case shall be dismissed for the failure of the clerk of the lower court to transmit the proper papers within the time allowed by law, unless such failure is due to the neglect or fault of the plaintiff in error or his counsel." *Code Ann.* § 6-1301. This provision enacted into the statutory law of this State the substance of a similar provision contained in the Constitution, Art. VI, Sec. II, Par. V, *Code Ann.* § 2-3705. In *Smith v. Barnett,* 107 Ga. App. 849 (1) (132 SE2d 139), this court declined to dismiss a writ of error upon application of the foregoing constitutional provision where it was not affirmatively shown from the certificate of the clerk that the delay in the transmission of the writ of error and the record was caused by the plaintiff in error or his counsel. In that case the clerk's certificate did not affirmatively show what occasioned the delay in the transmission of the papers, but a supplemental certificate did show that the delay "was not occasioned by the intervention of the plaintiffs in error or their counsel." Here the clerk certified that "the delay in transmitting this record is due to no fault on the part of counsel for the plaintiff in error, but to the stress of business in this office." Cf. *Rutherford v. Tidwell,* 103 Ga. App. 557 (120 SE2d 38), where a dismissal resulted because the clerk's certificate affirmatively showed that the cause of the delay in transmitting the papers was the act of counsel for the plaintiff in error in checking out of the clerk's office the original papers and retaining them for several days, thus preventing the clerk from making the necessary copies.

In the recent case of *Murphy v. Harding,* 220 Ga. 634 (140 SE2d 852), the Supreme Court, in construing and applying the provisions of *Code* § 6-1312 relating to the time within which the trial judge must certify the bill of exceptions, which Code section contains language forbidding the dismissal of the writ of error on account of the judge's failure to certify the bill of exceptions within the time prescribed, (which is similar to the language of *Code Ann.* § 6-1301, prohibiting dismissal for failure

of the clerk to transmit the record within the time required by law) held that, in the absence of an affirmative showing that the delay in certification was caused by some act of the plaintiff in error, such delay would not be cause for dismissal. This decision overruled a number of Supreme Court cases deemed by the court to have been decided in disregard of the provisions of *Code* § 6-1312. In view of the decisions above cited we conclude that in the absence of an affirmative showing that the delay in the transmittal of the writ of error and the record in the case was caused by some act of the plaintiff in error or of his counsel, the motion to dismiss the writ of error on this ground is without merit. Accordingly, the motion to dismiss the writ of error is denied.

■ The evidence, while in conflict in many respects, was undisputed that the highway along which the defendant's automobile was traveling was a through highway, and that the plaintiff entered that highway from a side road burdened with a stop sign. The defendant contended that his son, who was driving his automobile, was traveling along the through highway at a speed of no more than 60 miles per hour, and as he approached the side road on which the plaintiff was traveling, which intersected the through highway obliquely from defendant's right, the plaintiff entered the through highway from the side road directly in front of the defendant's son without first having stopped and yielded the right of way, and that this failure to stop was the proximate cause of the collision. The defendant filed a timely written request with the court to charge as follows: "I charge you that, under the law of this state, the driver of a vehicle entering a through highway is required to bring his or her vehicle to a stop at the entrance to such through highway, and, having stopped shall not enter such intersection without having first yielded the right of way to other vehicles which have entered the intersection from said through highway and to such vehicles which are approaching so closely on said through highway as to constitute an immediate hazard." In special ground 4 of the motion for a new trial error is assigned on the refusal of the court to charge as requested.

The plaintiff contends in opposition to this ground that there was no proof that the stop sign in question was erected pursuant

to authority, and that in the absence of such proof the court did not err in refusing to charge this request. As regards the evidence respecting the presence of the stop sign, *Code Ann.* § 68-1610(c) provides: "The disregard or disobeyance of the instructions of any official traffic-control device or signal, placed in accordance with the provisions of this law, by the driver of a vehicle, shall be deemed as prima facie evidence of a violation of law, without requiring proof of who and by what authority such sign or device has been erected." In construing this Code section and passing upon the very contention here made, this court, in *Fields v. Jackson,* 102 Ga. App. 117, 125 (115 SE2d 877), said: "If the statute is construed to mean that the burden is on the person offering the testimony that a traffic-control device existed to show in the first instance that such sign or device is 'official,' and was 'placed in accordance with the provisions of this law' then no meaning can be given to the last part of the sentence which provides that proof shall not be required in the first instance 'of who and by what authority such sign or device has been erected.' The statute must therefore mean that the movant may offer evidence that a traffic-control sign or device existed at the given spot; the burden is then upon the person objecting to the evidence to offer evidence showing that such signal was not placed there by any proper governmental authority. The evidence might be general, as showing that the signal in question is not one used by the authority having jurisdiction at that place; it might be a showing that it was placed there by an unauthorized authority, or it might be any other type of evidence sufficient to overcome the prima facie showing that such device existed and should therefore have been obeyed." In this case the defendant in error has pointed out to this court no evidence rebutting the prima facie case made by the evidence showing the presence of the stop sign. The plaintiff herself testified as to the presence of the stop sign and conceded that McDuffie Road was a through road and that Anderson Mill Road, from which she entered onto McDuffie Road, was the side road burdened with the duty of yielding to traffic on McDuffie. Her contention on the trial was that she had stopped, looked to her left, observed no approaching traffic and entered the through highway where her automobile was struck in the rear by the defendant's automobile after she

had traveled more than a hundred feet westwardly along the through highway, and that the proximate cause of the collision was the excessive speed at which the defendant's automobile was being operated at the time. In view of the conflicting contentions of the parties as to the cause of the collision it was clearly a jury question as to what act or omission constituted the proximate cause of the plaintiff's injuries and damages, and the contentions made by the defendant and supported by evidence should have been submitted to the jury under proper instructions as to the law with respect thereto. This is true even though the stop sign may have been an unofficial one and erected without authority. *Tyson v. Shoemaker*, 208 Ga. 28, 32 (65 SE2d 163).

It may be further noted that the plaintiff in opposition to this ground of the motion for a new trial contends also that the collision here in question was not an intersection collision, but that it occurred after the plaintiff had approached McDuffie Road on Anderson Mill Road, stopped in obedience to the stop sign, observed that there was no traffic approaching so closely as to create an immediate hazard upon her entering the intersection, had entered the intersection, completed a right turn therein and moved therefrom a distance of more than 100 feet before her car was struck in the rear by the defendant's car. This was the plaintiff's contention, and we cannot say that it was not supported by some evidence, but the defendant's contention was that his son was within 100 feet of the intersection and plainly in view at the time the plaintiff drove her automobile into the intersection without stopping. Under these circumstances the law applicable to his contentions should have been submitted to the jury, and since there was a timely written request therefor, it was error for the court to refuse to charge in accordance with that request. *Central of Ga. R. Co. v. Goodman*, 119 Ga. 234 (2) (45 SE 969) ; *Werk v. Big Bunker Hill Mining Corp.*, 193 Ga. 217 (5) (17 SE2d 825) ; *Southern Exp. Co. v. Hughes*, 23 Ga. App. 224 (1) (97 SE 860) ; *Jones v. Lowman*, 85 Ga. App. 743 (2), 746 (70 SE2d 122).

Ground 5 of the motion complains of the refusal of the court to charge a request. This ground fails to show that the request was timely submitted, that it was in writing, and by

whom it was submitted. Under these circumstances it fails to show a cause for reversal. *Little v. West*, 145 Ga. 563 (2) (89 SE 682); *Jones v. Western &c. R. Co.*, 23 Ga. App. 725 (3) (99 SE 388); *Farrington v. Geo. Moore Ice Cream Co.*, 110 Ga. App. 889, 891 (1) (140 SE2d 219), and citations. Ground 6 of the motion complains because the court failed to charge without request the provisions of *Code Ann.* § 68-1652. The substance of paragraph (a) of this Code section was embodied in the request dealt with in Division 2 above, and in view of the ruling there made, we do not deem it necessary to pass upon the question of whether the court should have charged the provisions of this Code section without a proper and timely written request having been made therefor.

The remaining special grounds of the motion for a new trial are without merit. The seventh ground relates to a request to charge, a portion of which states an incorrect rule of law. The eighth ground complains because the court excluded a question which called for a conclusion on the part of a witness, and of the exclusion of the answer thereto which clearly was a conclusion of the witness. The ninth ground complains of the refusal of the court to charge a written request embodying the principles of *Code* § 38-119 respecting the presumption arising from refusal to produce evidence. Assuming that this request embodied a pertinent and applicable principle, it was equally as applicable to the defendant as to the plaintiff, and, therefore, the failure to charge it could not possibly have been harmful to the defendant.

With respect to the general grounds it is sufficient to say that the evidence was in sharp conflict and did not demand a verdict in favor of either party.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*