**In the Matter of AMERICAN VEN-TURES, INC.**

**No. 63862.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Aug. 31, 1971.

Lipshutz, Macey, Zusmann & Sikes, Atlanta, Ga., for petitioner.

Walter Maurer, Jr., Atlanta, Ga., trustee.

## ORDER

HENDERSON, District Judge.

James C. Garner and J. D. Anderson petitioned this court to review a May 5, 1971 order entered by the Honorable Claud D. Hughes, Referee in Bankruptcy, denying the claim of the petitioners.

The facts surrounding the transaction giving rise to the claim are not in dispute. A summary of the facts is as follows:

On January 12, 1967, the petitioners sold a parcel of land in Cobb County, Georgia, to Grady Barnette for a total price of $155,000.00. On that same date Barnette paid the petitioners $40,000.00 in cash, gave a promissory note to the petitioners in the amount of $115,000.00, and executed to the petitioners a security deed. In this original purchase money security deed from Barnette, the petitioners agreed to subordinate their security deed to some construction and development loans that Barnette would obtain from some unknown lender at a future date.

On July 28, 1967, Barnette conveyed a portion of the tract (hereafter referred to as Tract I) to American Ventures, Inc. (Debtor), a wholly owned corporation of Barnette. The remaining portion, Tract II, was retained by Barnette.

To effectuate the above mentioned subordination, the petitioners delivered a quitclaim deed to Barnette releasing Tract I from the original security deed of January 12, 1967. The debtor, American Ventures, Inc., then executed a security deed on Tract I to the Atlanta Bank and Trust Company as security for a construction loan. The debtor also executed a second security deed to the petitioners which was to be subordinate to the Atlanta Bank and Trust Company security deed.

Barnette defaulted on the January 12, 1967 note and the petitioners exercised their rights under the power of sale provision in the original security deed from Barnette to the petitioners as to Tract II. The petitioners bid on this tract for $100,000.00, leaving a deficiency of $28,666.00, which is the basis of their claim.

As one of his conclusions of law the Referee appears to have concluded that the deed to secure debt from the debtor to the petitioners was without consideration. The Referee relied on the decisions in Jordan v. Robinson, 63 Ga.App. 745, 12 S.E.2d 121 (1940) and Sanders v. Sanders, 210 Ga. 248, 78 S. E.2d 785 (1953) to support this conclusion. These cases are distinguishable factually from the case before the court and, as such, do not offer legal support for the Referee's decision. In *Jordan* the defendant gave bonds to a third party in satisfaction of a debt owed by the defendant and the plaintiff acting for the third party executed a release of the debt. Therefore, in *Jordan* consideration in the form of bonds was given

which extinguished the debt. In the present case the petitioners received only a second security title in Tract I and no payment of the debt secured by this security deed.

*Sanders* also fails to buttress the Referee's conclusion. The court in *Sanders* upheld the plaintiff's claim that the decedent did not receive any consideration for a note. Other than this comment on consideration, *Sanders* arises under a fact situation quite unrelated to the case before this court and offers no legal support for the Referee's holding.

In addition, the substitution of the second security deed for the first security deed was a benefit to the debtor and a detriment to the petitioners and, therefore, constitutes valid consideration.

Accordingly, the Referee's holding, that the execution by the debtor of the second security deed for Tract I was without consideration, is erroneous.

■ In another conclusion of law the Referee relied on Troup Co. v. Speer, 23 Ga.App. 750, 99 S.E. 541 (1919), which held that a deed to secure debt that does not recite that it secures a promissory note or other written evidence of indebtedness does not have priority over a third person who subsequently and in good faith acquires a lien on the property and the recording of such a deed does not impart notice to third parties of a claim not stated therein. The Referee relied on *Troup Co.* for his conclusion that the deed to secure debt conveying title to Tract I from the debtor to the petitioners did not give notice to subsequent lien creditors of the debtor because it failed to recite the promissory note or other written evidence of the debt secured.

The holding in Troup Co. v. Speer was improperly relied on by the Referee and McClure v. Smith, 115 Ga. 709, 42 S.E. 53 (1902), which is cited with approval by the court in *Troup Co.*, sets forth principles which render the above conclusion of the Referee to be erroneous. The court in *Troup Co.* stated the rule

of law respecting security deeds as follows:

> While, under the provisions of Section 3257 of the Civil Code of 1910, one of the requisites to the validity of a mortgage is that the debt which it is given to secure shall be therein specified, a different rule obtains as to a deed given to secure a debt, and it is not necessary that such a conveyance shall specify the amount of the indebtedness that it is given to secure (McClure v. Smith, 115 Ga. 709, 712, 42 S.E. 53) ; . . . .

The court in McClure expressed the following:

> In order that a security deed may be superior to a subsequently obtained judgment against the grantor, the law only requires the deed itself to be recorded within 30 days of its execution, or before such judgment is rendered. It does not require that the deed, or anything connected with the record thereof, shall show the amount of the indebtedness that it is given to secure.

■ Another conclusion of the Referee was that the failure of the petitioners to pay Georgia intangible tax on the deed to secure debt from the debtor to the petitioners, when the deed was filed for record, kept it from constituting notice to anyone of the second security title in the petitioners. Ga.Code Ann. § 92–165, which requires the payment of an intangible tax is a tax on long term notes and not a tax upon securities. See Ga.Code Ann. § 92–164. Therefore, the intangible tax is to be imposed on the one note from Barnette to the petitioners and not on the two deeds securing the note.

■ The court also finds Ga.Code Ann. § 67–1503 to be inapplicable here. The action of the petitioners is not in the nature of an action to obtain a deficiency judgment following the foreclosure on Tract II. Instead, the petitioners base their present claim on the security deed conveyed from the debtor to the petitioners.

Upon examining the brief filed by the trustee in bankruptcy, it is apparent that there are other issues which need to be resolved. First, it must be determined whether the language of Ga.Code Ann. § 67–1301 provides that a deed to secure debt may be given for the debt of another. Second, assuming a deed to secure debt may be given to secure the debt of another, does the security deed executed by the debtor to the petitioners satisfy the Statute of Frauds requirements set out in Ga.Code Ann. § 20–401(2)? Third, is this security deed executed by the debtor, a wholly owned corporation, ultra vires and therefore null and void?

■ As to the first issue, there appears to be no case law in the area which clarifies whether Ga.Code Ann. § 67–1301 means that a deed to secure debt may be given to secure the debt of another or solely for the debts of the grantor. Consequently, this court must look to the language of the statute. The plain language of the statute, although not clear, seems to establish that a deed to secure debt is not limited solely to securing debts of the grantor but may secure the debt of another. The apposite portion of the statute reads as follows:

> Whenever any person in this State conveys any real property by deed to secure any debt to any person loaning or advancing said grantor any money or *to secure any other debt* . . .. (Emphasis added.)

■ The next area of inquiry is that of determining whether the security deed executed by American Ventures to the petitioners fulfills the Statutes of Frauds requirements. In essence, Ga. Code Ann. § 20–401(2) establishes that in order for a promise to answer for the debt of another to be binding, the promise must be in writing and signed by the party to be charged, or by some person lawfully authorized by him. The trustee in bankruptcy contends that the security deed in question does not meet these requirements. The trustee's contention is found to be without merit. The relevant language of the security deed is as follows:

> This deed is given as additional security for the indebtedness of the Grantor herein to Grantee herein previously secured by security deed dated January 12, 1967, and recorded in Deed Book 954, page 123, Cobb County, Georgia, Records . . ..

The court realizes that this language appears to refer to a debt owed by the grantor when in fact there is no such debt in existence. However, the question of what debt is being secured is clarified by the language that the deed is given as further security for the debt previously secured by Security Deed dated January 12, 1967 and recorded in Deed Book 954, page 123. Quite clearly, the only debt that meets this description is the one owed by Barnette to the petitioners.

Furthermore, this promise by American Ventures to answer for the debt of Barnette to be supported by consideration. Here the petitioners suffered a detriment by releasing a first security title in Tract I in exchange for a second security title. The benefit to the debtor, American Ventures, was that the transaction enabled the debtor to execute a first security deed to the Atlanta Bank and Trust Company in exchange for a construction loan.

■ Finally, the allegation that the execution of the security deed by American Ventures was an ultra vires act is clearly erroneous. It is an established principle of law that a corporation cannot interpose the defense that a transaction was ultra vires and retain the benefits of the transaction. Towers Excelsior & Ginnery Company v. Inman, 96 Ga. 506, 23 S.E. 418 (1895); Corbin Supply Co. v. Loftis, 50 Ga.App. 309, 178 S.E. 185 (1934). Here the debtor has retained the property released from the first security title and therefore cannot claim the transaction was ultra vires.

Accordingly, in light of the reasons stated above, this court finds the conclu-

sions of law in the order of the Honorable Claud D. Hughes, Referee in Bankruptcy, to be erroneous and that order is hereby reversed and set aside. This matter is hereby remanded to the Referee with direction that the petitioners' secured claim be recognized as a proper claim in the proceedings herein.